UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DiBELLA,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY; COMPASS GROUP USA, INC. dba CHARTWELLS HIGHER EDUCATION<br><br>    Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. Violations of Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)<br><br>2. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*<br><br>3. Violation of the California Disabled Persons Act and California Government Code (Cal. Civil Code § 54 *et seq;* California Government Code §§ 4450*et seq.*)<br><br>4. Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)<br><br>5. Violation of the California Disabled Persons Act and California Health & Safety Code (Cal. Civil Code § 54 *et seq;* California Health & Safety Code §§ 19955 *et seq.*)<br><br>6. Violation of the Federal Fair Housing Act (42 USC § 3601 *et seq.*)<br><br>7. Violation of the California Fair Employment and Housing Act (Gov't Code § 12926 *et seq.*)<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone: (510) 832-5001
Facsimile:  (510) 832-4787
info@reincleftonlaw.com

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1

IRAKLI KARBELASHVILI, Esq. (SBN 302971)
**ALLACCESS LAW GROUP**
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for Plaintiff
CHRISTINE DiBELLA

2

3

4

5

6

7   Plaintiff CHRISTINE DiBELLA complains of Defendants BOARD OF TRUSTEES OF

8   THE CALIFORNIA STATE UNIVERSITY; COMPASS GROUP USA, INC. dba

9   CHARTWELLS HIGHER EDUCATION and each of them, and alleges as follows:

10   1.   **INTRODUCTION:**  Defendants denied disabled Plaintiff Christine DiBella, who

11   uses a wheelchair, accessible facilities at Humboldt State University (the "University") where she

12   is finishing her college career.  The most prominent accessibility issues that Plaintiff has

13   encountered are the lack of any designated accessible parking in the lot closest to her residence

14   hall (Del Norte), lack of accessible entrance to the dining hall, lack of accessible paths of travel in

15   the dining hall, lack of accessible seating in the dining hall, and the lack of an emergency

16   evacuation plan to get her out of her third floor dormitory room should the elevators go out of

17   service during an emergency, and exclusion and failure to accommodate her for a welcoming

18   social event for incoming students.

19   2.   Plaintiff transferred from City College of San Francisco to the University to

20   complete her bachelor's degree.  Prior to beginning the semester, Plaintiff contacted the

21   Humboldt State University to inform them that she is a disabled student who often uses a power

22   wheelchair for mobility.  The University assured Plaintiff that everything would be accessible to

23   her when she arrived on campus.  However, when Plaintiff began her term on August 16, 2021,

24   she found many things were inaccessible to her.

25   3.   Plaintiff was denied her rights to full and equal access at these facilities, and she

26   was denied her civil rights under both California law and federal law. She continues to have her

27   rights denied because these facilities were not, and are not now, properly accessible to physically

28   disabled persons, including those who use wheelchairs.  Plaintiff seeks injunctive relief to require

2

Defendants to adopt policies which provide persons with mobility impairments with the accessibility features required under federal and state laws that mandate public accommodations be made accessible to and useable by disabled persons.  Plaintiff also seeks recovery of damages for her discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

4.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq* and the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code sections 4450 *et seq.*; California Health & Safety Code section 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; Title 24, California Code of Regulations, the State Building Code; and California Fair Employment and Housing Act, Cal. Gov. Code § 12955 *et seq*.

5.      **VENUE:**  Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6.      **INTRADISTRICT:**  This case should be assigned to the Eureka intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiffs' causes of action arose in this intradistrict.

7.      **PARTIES:** Plaintiff Christine DiBella a "person with a disability" or "physically handicapped person."  Plaintiff has rheumatoid arthritis which is a progressive condition affecting her joints including her knees, hips, hands, feet, and shoulders.  Plaintiff's rheumatoid arthritis severely limits her ability to ambulate, and she often requires the use of a wheelchair for locomotion.  Plaintiff is unable to use portions of public facilities which are not accessible to mobility disabled persons, including those who require the use of a wheelchair.  Plaintiff

Christine DiBella is entitled by permit from the State of California to park any vehicle which she drives or is transported in, in a designated and properly configured disabled accessible parking space.  Plaintiff requires parking places which are properly accessible, and which are located on an accessible path of travel and as close as possible to the public entryways to public facilities where she lives, eats, recreates and/or conducts business.

8.     On or about August 16, 2021, and on continuing on a daily basis to date, Plaintiff Christine DiBella was denied her right to full and equal access at Humboldt State University, and was denied her civil rights under both California law and federal law, as herein below described, because these facilities were not, and are not now, properly accessible to physically disabled persons with mobility disabilities, due to physically inaccessible facilities and/or policies by Defendants which have failed to reasonably accommodate the needs of physically disabled persons.

9.     Defendant Board of Trustees of the California State University was and is the owner, operator, lessor, and lessee of the businesses, properties, facilities and/or portions thereof located at 1 Harpst Street, Arcata, California, known as Humboldt State University, at all times relevant to this complaint.  Defendant Board of Trustees of the California State University is and was the owner and an operator of the Humboldt State University and the real property on which the facility is situated.  Defendant Compass Group USA is and was a primary operator of the dining facility on campus and creates and/or maintains the physical and policy barriers to access at the dining hall known as "the J" which have significantly affected Plaintiff.  All such facilities constitute public accommodations subject to the requirements of California Health & Safety Code sections 19953 *et seq.*, California Government Code sections 4450 *et seq.*, and of California Civil Code sections 51 *et seq.* and sections 54 *et seq.*  On information and belief, these facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such facility to disabled access requirements per California Health & Safety Code sections 19953-19959 *et seq.* and sections of California Government Code sections 4450 *et seq.*  Construction and alterations which occurred from January 1, 1968 – July 1, 1982, were subject to the ASA or "ANSI" Regulations.  On information and belief, alterations since July 1, 1982, also

4

1  subjected the facilities to requirements of California's Title 24, the State Building Code, and,

2  since January 26, 1993, section 12183(2) of the Americans with Disabilities Act of 1990 (ADA).

3  Further, said governmental entity Defendant is and was also subject to the programmatic

4  requirements of the ADA, Title II, section 12131 *et seq.*  42 U.S.C. sections 12132 *et seq.*, and all

5  were subject to the non-discrimination provisions of California's Title 24, and of the ADA, and of

6  the ADAAG and Department of Justice regulations adopted to enforce the ADA.  42 U.S.C.

7  sections 12133 *et seq*.

8         10.     Plaintiff's civil rights were violated under federal and California law, and will

9  continue to be violated until Defendants carry out their respective duties under the Americans

10  with Disabilities Act of 1990, including Title II and Title III, and of California law, including

11  California Government Code sections 4450 *et seq.*, and California Civil Code sections 51, 51.7,

12  52, 54, 54.1, 54.3 and 55.  Defendants must be ordered by the Court to provide adequate disabled

13  access to allow disabled persons full and equal access to the Humboldt State University and its

14  facilities, including but not limited to the dining facilities on campus.

15         11.     **GOVERNMENT CLAIM**:  On or about October 22, 2021, Plaintiff submitted a

16  timely claim for damages to the Board of Trustees of The California State University, a

17  government entity.  Although the claim has not been rejected, nor has 45 days passed since the

18  submission of the government claim, Plaintiff is proceeding with her injunctive relief claims and

19  claims for damages allowed by federal law against the government entity due to the emergent and

20  time sensitive nature of her situation.  Being relocated off campus due to the University' failure to

21  provide fire code compliant, accessible egress options from her dorm is causing her irreparable

22  harm such that a motion for preliminary injunction may be required.  Once the government claim

23  has been rejected or otherwise disposed of, Plaintiff plans to amend her complaint to add damages

24  claims allowed under state access laws.

25         12.     **FACTUAL STATEMENT**:  Plaintiff Christine DiBella started her collegiate

26  studies at City College of San Francisco.  While she was attending City College of San Francisco,

27  she did not encounter any significant accessibility issues.  When she decided to transfer to

28  Humboldt State University for her final year of college, she assumed that the University would be

prepared to provide her with accessible facilities and policies.  However, from the moment she arrived on campus on August 16, 2021, it was clear that accessibility is not a priority for the University or its food service purveyor Defendant Compass Group USA, INC. dba Chartwells Higher Education.  Plaintiff experiences daily issues with access at her residence hall, the dining hall, and residential life activities.

13.    **Lack of Emergency Evacuation Plan and Equipment from Residence Hall and Other Campus Buildings**: Prior to the beginning of the school year, Plaintiff was informed that she had been assigned to the third floor of the Del Norte residence hall for her on campus housing.  She was concerned about living on the third floor of the building due to the possibility of elevator outages during emergencies such as fires, or storms, which are increasingly prevalent in Northern California.  Plaintiff contacted the University to inquire about whether there was an evacuation plan for her to get out of the building in case of a fire or other emergency shut down the elevator.  The University assured Plaintiff that a plan was in place for evacuating her in case of an emergency, but it refused to elaborate on what that plan was, what equipment would be used, or who was trained on the plan to evacuate her from the building.

14.    Plaintiff arrived on campus on August 16, 2021.  On September 14, 2021, Plaintiff's residence hall had a fire drill to practice the University evacuation plan.  During the drill Plaintiff learned the evacuation plan for the Del Norte building is for everyone to exit the building and then meet at the nearby soccer field, College Creek Field.  Unfortunately for Plaintiff, the only accessible entrance to College Creek Field requires her to travel from the opposite side of the field from her dorm room, while everyone else just had to walk a short distance from the exit of the building to an inaccessible entrance to the field.

15.    Further, during the fire drill, the elevators were on. Plaintiff was only able to exit the building independently because of this fact.  During a real emergency power to the elevator would automatically be terminated.  Everyone would have to use the stairs to exit.  Since Plaintiff is unable to climb stairs, she asked the Resident Assistant (RA) assigned to her floor what the protocol was for assisting her with evacuating during an emergency when the elevators were not functioning.  The RA informed her that she was unaware of any evacuation equipment or

6

procedure in place to assist Plaintiff with evacuation during an emergency.

16.     This news concerned Plaintiff since prior to the beginning of the school year, she had been assured by the University that there was a plan in place and that training had been provided to those who would assist her in evacuating the building.  On September 15, 2021, Plaintiff sent an email to Kim Coughlin-Lamphear to express her concern about the lack of evacuation plan and requesting that the University provide her with a plan to exit the building in case of an elevator outage.  On September 16, 2021, Plaintiff also sent an email to HSU Housing & Residence Life expressing her concern about the lack of emergency evacuation plan for her and requesting that they provide her with the plan.  She received a response that her email had been "forwarded to the RLC of College Creek which is Lake Luther and Yashvin who is…in charge of the fire drill."  However, as of the filing of this Complaint, more than eleven weeks later, Plaintiff has still not been informed of the evacuation plan.  The lack of an evacuation plan has caused Plaintiff daily stress and worry about what she would do during an emergency, especially during the height of the California wildfire season.

17.     Having had no meaningful response from or action taken by the University for over a month, Plaintiff contacted the local Fire Marshall on October 25, 2021, to complain about the lack of emergency preparedness plan for herself as a disabled individual:

> I am a wheelchair user and student at Humboldt State University. I am housed on the 3rd floor of a dorm. I was misinformed about evacuation equipment prior to moving to campus. Once the first fire drill happened I found out that I am not included in emergency planning. The school was unable to locate any evacuation chairs nor do they have trained staff to use them. I have been asked to design my own emergency planning which is a lot to put on an undergraduate student who is paying to be here. The school has a list of students with special needs to provide to the fire department but this feels inadequate to me. I would like to know what kind of emergency preparedness is recommended or mandated by law. I would like to coordinate an evacuation plan with your expertise.

The State Fire Marshall, Shane Wilson, acted quickly, responding the same day to Plaintiff. He cited the University for their failure to address the emergency planning issues for disabled students like Plaintiff.  The State Fire Marshall directed the University to relocate Plaintiff immediately:

> To bring you up to speed, the staff at HSU have been directed to move you to a safe location immediately. The egress in place is not sufficient for your needs and has been identified as non-compliant for non-ambulatory persons above ground level.
>
> At no time are you responsible to create any "Emergency or Evacuation Plans" for the campus. My office will coordinate with HSU to ensure this matter is addressed and that all emergency plans are updated to reflect needed changes.

Exhibit 1, Emails between Plaintiff and Shane Wilson. The University relocated Plaintiff to a hotel off campus. As of the filing of this Complaint she is still there.

The University has been on actual notice from former graduate student, Dawn Albrecht, who studied emergency preparedness for her Master's Degree at the University in approximately 2012. Ms. Albrecht has over a decade of experience and knowledge of assessing risks for disabled persons in emergencies and emergency planning. She notified the school multiple times about the lack of emergency planning for disabled persons. As she wrote to Plaintiff on October 25, 2021:

> Good evening, Christine.
>
> I am glad you contacted me. I spoke with administrators several years ago at HSU about my concerns for a lack of adequate planning for evacuating individuals with mobility issues from upper floors on campus and the fact that there was a lack of med sleds or other evacuation devices, or individuals trained to use them, or assigned to ensuring that all individuals are able to be evacuated. Plus there is the problem with putting students on upper floors in the first place who cannot get out without using an elevator (which you never do in a fire).
>
> I talked with folks on campus about this around 2014, I believe, as well as a couple years before that - back when Dorrie Lanning was involved in campus emergency preparedness. . . .
>
> The fact that they would still put a student in a wheelchair on the third floor is ridiculous. Then they want to turn it around on YOU and make YOU responsible for their flawed building design, thoughtless room assignments, lack of adequate planning... I could go on, but it would do no good. Providing a list of students with disabilities to firefighters is inadequate and simply passing the buck instead of taking individual student needs into consideration.

Exhibit 2, Email to Plaintiff from Dawn Albrecht dated October 25, 2021.

Plaintiff requested to be moved to a ground floor on October 18, 2021. On or about October 18, 2021, she met with Housing and Residence Area Coordinator Yashvin B Madhak. At that meeting, Mr. Madhak informed Plaintiff that there was no policy or training regarding evacuation equipment, and that no equipment existed anywhere on campus. On information and

belief and according to Mr. Madhak, five years ago the emergency evacuation equipment which was on campus to assist disabled persons during an emergency was removed.  Plaintiff was denied her request for a ground floor accommodation on October 20, 2021.  It was not until the fire Marshall *ordered* the University to move Plaintiff to a safe location on October 25, 2021, that Defendant did so.  As of the filing of this complaint, no relocation accommodations to the first floor or emergency planning have been implemented.  Plaintiff remains in a hotel off campus without her personal items which remain in her 3rd floor dorm room.

Plaintiffs concerns about fire safety are not theoretical.  In 2018 a university report states that there was a fire in the laundry area of Plaintiff's dorm.  This fire was adjacent to the accessible egress and could have blocked the exit.  Even after the fire, the University did not act to create accessible emergency procedures.

Plaintiff's counsel requested Defendants meet and confer about Plaintiff's requests for reasonable accommodation and Plaintiff's intent to file this lawsuit and a preliminary injunction the week of November 1, 2021, but Defendants did not respond.

18.  **Parking at Del Norte Residence Hall**:  Plaintiff brought her car with her to the University.  She has a permit to park her car in the lot closest to Del Norte, on the corner of Harpst Street and L.K. Wood Boulevard.  Plaintiff's car has disabled license plates issued to her by the State of California, which entitle her to park in designated accessible parking places.  However, there are no designated accessible parking places in the lot nearest to her residence hall.  Therefore, Plaintiff must park in whatever standard parking space is available when she arrives in the parking lot.

19.  The lack of designated accessible parking near the entrance to Del Norte has created significant difficulty for Plaintiff.  When Plaintiff uses her car, she does not take her power wheelchair with her because she does not own a vehicle which the wheelchair can fit into.  Therefore, Plaintiff has to walk to and from her car when she uses it.  Although Plaintiff can walk short distances when she is feeling well, she has great difficulty walking longer distances.  It is therefore imperative that she be allowed to park in a designated accessible parking space which is close to the entrance of her residence hall on an accessible path of travel as required by law.

There are many days when she is cannot use her car because she is physically unable to walk to the far parking space that the car is parked in.

20.     **Del Norte Residence Hall Laundry Room**:  Plaintiff is unable to independently access the laundry room in the Del Norte Residence Hall.  The door to the laundry room is excessively heavy.  Unless there is another person there to assist her in opening the door or if the door is propped open, Plaintiff is unable to enter and exit the laundry room.  Additionally, the washing machines are too low for her to reach from her wheelchair.  Plaintiff has been forced to do her laundry at the Emerald City Laundromat in Arcata, California, instead of in her own residence hall.

21.     On August 25, 2021, Plaintiff sent an email to Todd Larsen requesting that the door be adjusted so that she could at least enter and exit the laundry room in Del Norte independently.  Mr. Larsen put Plaintiff in touch with Travis Fleming from facilities, and they met to discuss the access issues in the laundry room.  However, the door remains too heavy for Plaintiff to open independently, and although the idea is for the door to remain propped open with a doorstop, it is often closed and thus inaccessible to Plaintiff.

22.     **Jolly Giant Commons:**  At the beginning of the term, Plaintiff bought a meal plan from Defendant "Compass Group USA, INC. dba Chartwells Higher Education" for $2,800 so that she could eat her meals in the dining hall, Jolly Giant Commons.  However, each time she uses the dining hall, she encounters barriers that prevent her from full and equal access to the service provided there.

23.     Despite Defendants' assurances that the entrance to Jolly Giant Commons is "code complaint," in practice, due to the policies in place by Defendants the entrance is not accessible to Plaintiff.  There are two side-by-side entrances to the Jolly Giant Commons.  The main entrance is a revolving door that is not accessible to Plaintiff.  Then there is a set of double glass exit doors next to the entrance which has been ostensibly designated as the "accessible" entrance.  One of those glass doors has been equipped with an automatic door opener, however, the door opener is not operable because Defendants place door a stopper under it, as described in more detail below.  Plaintiff is unable to open the heavy glass doors independently without the use of the automatic

10

door opener which in turn is not operable.

24.     Plaintiff has encountered two main issues with the accessibility of the designated accessible entrance.  First, to maintain orderly procession of students using the cafeteria, Defendants want all of the student to use the revolving door to enter and exit the facility.  They often only unlock that set of doors, not the automatic doors.  This leaves Plaintiff left outside until she can either flag down an employee to open the door or ask a passing student to enter the building and request that the staff open the accessible door for Plaintiff.  Both of these effort cause Plaintiff discomfort and embarrassment from the unwanted attention and the highlighting of her inability to open the door by herself.  Plaintiff needs Defendants to institute a policy that when the doors to the dining hall are unlocked both the main and the accessible entrances will be unlocked.

25.     The second issue occurs when Defendants' employees prop the accessible entrance open with a door stop, which happens almost daily.  When Defendants' employees prop the door open with a door stopper it often prevents the activated automatic door from opening fully opening the door.  Plaintiff cannot use the door in a partially open position.  When this happens, Plaintiff must wait for someone to assist her in opening the door because the automatic door opener does not have enough power to swing the door open if the door is propped open part way and stuck on the doorstop.

26.     Once, when the door was half-propped open in this manner, Plaintiff's wheelchair bumped the doorstop as she entered the building, the door slammed shut on her arm, causing a physical personal injury and a bruise.  In order to rectify this barrier, Defendants must create a policy of not propping open the door at all or only propping open the door that does not have the automatic door opener.

27.     Once Plaintiff has entered the Jolly Giant Commons, there is no accessible path of travel that allows her to retrieve her food and get to a dining table.  The tables and chairs in the dining room are set up in such a way that does not create a path wide enough for Plaintiff to fit through in her wheelchair.  She must constantly ask other students to move their chairs so that she can fit through to access the food stations and the dining tables.

11

28.     Many of the food stations are also inaccessible to Plaintiff because she is unable to reach them from her wheelchair including the fountain drink dispenser, the cereal bar, and the alternative milk refrigerator. Additionally, the way the food stations are set up forces Plaintiff to block seating or other food stations when she is waiting in line.  There simply is not enough space between the food stations, table, and chairs, for her wheelchair to fit comfortably.  Plaintiff always feels like she is in the way and embarrassed.

29.     Defendants have also failed to provide adequate accessible seating throughout the dining room because the tables do not offer adequate knee and leg space.  The only usable seating available to Plaintiff is for her to pull her wheelchair under a table at the end of a booth.  When she does this, her wheelchair sticks out into the path of travel of other students.  Additionally, she has to sit in such a way that blocks the bench seating for other students.  This makes it very difficult for her to eat with other students as they cannot access the seating at the table.  Further, it makes her seem uninviting as she must sit facing the wall, unable to make eye contact or greet other students to ask them to sit with her.  Plaintiff needs accessible seating at tables that will allow her to sit with other students and not block all the seating at the table.

30.     Plaintiff is also immunocompromised as a result of the rheumatoid arthritis, so she is unable to eat food left out on a buffet.  She has requested and received the accommodation of being allowed to request that food, such as fresh fruits and vegetables, be brought to her straight from the kitchen instead of her serving herself from the buffet.  However, Defendants' employees have not been trained to accommodate Plaintiff, and they often refuse to accommodate her or are rude to her when she makes such requests.

31.     Plaintiff has brought the above referenced barriers to access to the attention of Defendants many times prior to the filing of this complaint.  Finally on September 21, 2021, Plaintiff met with Roger Y. Wang, Associate Dean of Students, to discuss the access issues she was experiencing at the dining hall.  After their conversation (six weeks after the term started), Defendants did a limited audit of the dining hall to identify some of the barriers to access.  They provided some limited fixes as moving the cereal bar, and they promised to provide other fixes such as, providing a rubber slip resistant doorstop for the front entrance, moving tables and chairs

to make an accessible path of travel, and ordering new accessible tables.  However, none of those proposed remedies have materialized.

32.     Further, Dean Wang also informed Plaintiff that there were reports that she was feeding her service dog in the dining hall.  Plaintiff vehemently denies that she ever has or would feed her service dog in a dining facility, and these statements, on information and belief, were made by Defendants' employees in retaliation for Plaintiff standing up for her right to have full and equal access to the dining facilities at Humboldt State University.

33.     Since Plaintiff brought the above referenced barrier to access to the attention of Defendants, the University has informed her that they will provide her with a "buddy" to go to the dining hall with her to assist Plaintiff in accessing the facilities.  However, Plaintiff does not want the paternalistic option of being accompanied by a "buddy" to access the dining facility on campus.  She wants to be able to access Defendants' services on her own whenever she wants just like any other students, just as she paid for.  Plaintiff is a busy student, and she does not have time to schedule every meal with a "buddy."

34.     Plaintiff has either encountered barriers at Jolly Giant Commons or been deterred from eating at the dining hall in order to avoid those barriers to access every day since she started eating her meals there on August 16, 2021.  Despite her many complaints to Defendants, the dining hall remains inaccessible to her.

35.     The Jolly Giant Commons have no evacuation plan and no evacuation equipment for persons with disabilities.

36.     Due to the continuing Covid-19 pandemic, campus activities are extremely limited and most building are not open for student use.  The dining hall is one of the only areas on campus where Plaintiff can go to socialize with other students and take a break from studying in her room.  The barriers that Defendants have created and maintained in the dining hall have isolated Plaintiff from the social aspect of college.  She feels ostracized by the other students, especially those who work in the dining hall, because her complaints about disabled access have been publicized to them.  Plaintiff feels that the other students now see her as a "problem" instead of peer who they want to be friends with.  Had the dining hall been accessible to Plaintiff from

the beginning, she would not have had to feel isolated from the rest of the student body.

37.     **University Sponsored Student Life Activities:**  The University periodically hosts events for either the student or a certain subset of students on campus.  Thus far many of the activities that Plaintiff has been invited to as a transfer student and a resident of Del Norte residence hall have been inaccessible to her.

38.     At the beginning of the school year, Housing & Residence Life organized a hike specifically geared to towards students that had transferred to Humboldt State University from other institutions.  The hike was scheduled for August 20, 2021.  On August 16, 2021, Plaintiff emailed Lake Luther, the Residence Life Coordinator for College Creek, and asked if the hike would be wheelchair accessible.  On August 17, 2021, Ms. Lake emailed Plaintiff that the hike was not wheelchair accessible.  Plaintiff requested that Ms. Lake provide accessibility information on the flyer in the future.  She also expressed her disappointment that the activity would not be accessible.

39.     On August 19, 2021, Plaintiff received an email reminding her of the Transfer Hike on August 20th.  There was a note on the flyer stating that "if you need accommodations, please contact us immediately."  Plaintiff responded with an email asking why the hike was not accessible to students with disabilities.  She did not receive a response.  Plaintiff wanted to participate in the event as it was one of the only in-person events to give transfer students a chance to meet each other.  She is also aware that there are many hikes around campus that are on accessible paths of travel, so there is no reason that the hike could not have been moved to an accessible path when she expressed her interest in participating five days prior to the date of the hike.

40.     A second hike was also planned for Del Norte residents on October 22, 2021.  Again, the hike was planned for an inaccessible path for Plaintiff.  She was extremely disappointed that she was excluded from participation in another resident activity due to her disability.  Plaintiff would like to build relationships with other residents of Del Norte, but the University makes it extremely difficult for her to do so by excluding her from activities which allow residents to meet each other in person.  The University has sent the message to Plaintiff that

14

she is a burden and not wanted at Humboldt State University because she is a person with a disability who uses a wheelchair for ambulation.

41.     Plaintiff was looking forward to having the experience of living on campus with a community of friends during her final year of college.  She was looking forward to a "normal" experience after the last 18 months of online, impersonal education.  However, Defendants have made her experience extremely stressful instead of rewarding.  They have isolated her instead of including her.  Plaintiff already felt different than the other students when she arrived on campus, and Defendants have only alienated her further by forcing her to beg for every inch of accessibility on campus.  The campus and dining hall should have been accessible to Plaintiff when she arrived.  Plaintiff should not have to notify Defendants of the barriers to access they created and then beg them repeatedly to fix those barriers, only to have Defendants fail to remedy the barriers.

42.     **Forestry Building Restrooms and Signage:** On October 17, 2021, Plaintiff received her schedule for the next semester classes.  Several of the classes were available virtually, but one class meets only in person.  This class was located in Forestry Building Room 201 on the second floor.   Concerned that there would be physical accessibility issues for the class given her previous experiences on campus, Plaintiff visited the building.

43.     Plaintiff attempted to locate an accessible route to the entrance, but there were no signs indicating where she should go as wheelchairs user.  She found one entrance, but the glass door was too heavy to open.  It also was missing a kick-plate and Plaintiff worried about shattering the door if she bumped it. A passerby offered to assist her, which was embarrassing because Plaintiff prides herself on her independence. Upon opening the door for her, however, the stranger said there were only stairs down the hall and no way to the second floor.  Another entrance on the other side of the building, the stranger said, was accessible.

44.     Plaintiff went to the other entrance and was able to enter the building.  Plaintiff looked for a restroom and was able to locate one on the first floor.  The door handle was excessively high, and she had to strain to open the door.  Upon entering, Plaintiff found no accessible stall for wheelchair users.  Instead, there was a semi-ambulatory stall that lacked turn-

around space, and Plaintiff could not use, as depicted below:



45.     On information and belief other restrooms throughout the campus are not accessible for similar reasons.

46.     These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).  All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter while she finishes her degree at the premises and if she returns to the campus after she completes her degree to visit or for graduate school, which she expects and intends to do once proper disabled access is provided.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION VIOLATING TITLE II OF THE AMERICANS WITH**
**DISABILTES ACT OF 1990**
*(Against Defendant Board of Trustees of the California State University)*

47.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 46, above, and incorporates them herein by reference as if separately repled hereafter.

48.     At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 USC section 12131.  Pursuant to 42 USC 12132, section 12132 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities" of a public entity, or be subjected to discrimination by such entity.  Plaintiff was at all times relevant herein a qualified individual with a disability for all purposes under the ADA.

49.     In violation of Title II of the ADA, Defendant Board of Trustees of the California State University has failed to ensure that individuals with physical disabilities such as the Plaintiff herein are not excluded from "services, programs and activities" at the subject facilities and property.  By reason of Defendant Board of Trustees of the California State University's failure to remove architectural and policy barriers to access at the subject facilities so as to render them "accessible to and useable by" mobility impaired persons, despite actual notice of the inaccessible conditions, and by its policy decisions as above-described including actions and omissions by any predecessors in interest, Defendant Board of Trustees of the California State University has discriminated against Plaintiff in violation of Title II of the ADA and the regulations adopted to implement the ADA.  With relation to damages claimed under Title II of the ADA, each such instance of discrimination is alleged to have been intentional and/or has been created and maintained with deliberate indifference to the effect upon Plaintiff and other similarly disabled persons.  Also, all such facilities constructed or altered in any way since 1968 were also altered in violation of California Government Code section 4450*ff*, regardless of whether maintenance of the facilities was intentional or not and in violation of section 12183(a)(2) of the ADA for

17

1   alterations after 1992.

2        50.    As a result of such intentional discrimination, in violation of section 12132 of the

3   ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the

4   Rehabilitation Act of 1973 (29 USC 794a), as provided by section 12133 of the ADA.  All such

5   acts and omissions by this Defendant were also part of a joint venture and common enterprises

6   with the other Defendant in this action.

7        51.    On information and belief, to the date of filing of this Complaint, Defendant Board

8   of Trustees of the California State University has failed to make the facilities and property as

9   described herein accessible to and usable by physically disabled persons, as required by law, and

10   has failed to adopt policies to assure that disabled persons are provided full and equal access.

11        52.    Plaintiff requests that an injunction be ordered requiring that Defendant Board of

12   Trustees of the California State University make all such facilities and properties herein described

13   accessible to and usable by mobility impaired disabled persons, and to train their employees and

14   agents with regard to having appropriate sensitivity to the needs of physically disabled persons,

15   and in taking appropriate steps to accommodate their disabilities.

16        53.    Plaintiff requests an award of appropriate damages, and of reasonable attorneys'

17   fees, litigation expenses, and costs, all as provided by law.

18                          **SECOND CAUSE OF ACTION:**
     **VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
19                          **(42 USC §§ 12101 *et seq.*)**
                     (***Against Compass Group USA, Inc. dba Chartwells Higher Education***)
20

21        54.    Plaintiff re-pleads and incorporate by reference, as if fully set forth again herein,

22   the allegations contained in Paragraphs 1 through 53 of this Complaint and incorporates them

23   herein as if separately re-pleaded.

24        55.    In 1990 the United States Congress made findings that laws were needed to more

25   fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

26   that "historically, society has tended to isolate and segregate individuals with disabilities;" that

27   "such forms of discrimination against individuals with disabilities continue to be a serious and

28   pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

                                    18

are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

56.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

57.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

58.    As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility operated by Defendant Compass Group USA is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "restaurant, bar, or other establishment service food or drink." (42 USC § 12181(7)(B).

59.    The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

19

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant Compass Group USA, set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

60.     The removal of each of the physical and policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendant Compass Group USA still

violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

61.     The ability to enter and exit the facility, move around the premises unimpeded by architectural barriers, serve oneself food, and sit at a table to eat is a fundamental necessity of accessing and using a dining hall.  Therefore, the benefits of creating a fully compliant and accessible wheelchair dining table and entrance and exit to the dining facility do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a dining hall, such as the costs of as ensuring fire safety. It is thus readily achievable to remove these barriers.

62.     On information and belief, as of the date of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant Compass Group USA's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of her disabilities and, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

63.     Defendant Compass Group USA's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing the dining hall as often as she would like to and has discriminated and continue to discriminate against her on the basis of Plaintiff's disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant Compass Group USA's goods, services, facilities, privileges, advantages and accommodations, in violation of the ADA.  42 U.S.C. § 12182.

64.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of this title or has reasonable grounds for believing that she is about to

21

be subjected to discrimination in violation of sections 12182 and 12183.  On information and belief, Defendant Compass Group USA, has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title. [Emphasis added.]

65.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises or attempt to patronize the dining hall at Humboldt State University, in light of Defendant Compass Group USA's policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below

**THIRD CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING CIVIL CODE §§ 54 and 54.1**
**GOVERNMENT CODE §§ 4450,** *et seq*.**, AND THE AMERICANS WITH DISABILITIES**
**ACT AS INCORPORATED BY CIVIL CODE §§ 54(c) and 54.1(d)**
*(Against Defendant Board of Trustees of the California State University)*

66.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 65 of this Complaint and incorporates them herein as if separately re-pleaded.

67.     At all times relevant to this Complaint, California Civil Code section 54(a) has provided that:

> (a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, . . . public facilities and other public places.

Emphasis added.

22

68.     At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

The discrimination by Defendant Board of Trustees of the California State University against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provision of Civil Code sections 54 and 54.1.

69.     Plaintiff is informed and believes and therefore alleges that the specified public facility are structures or related facilities within the meaning of California Government Code sections 4450 and 4451.  Plaintiff is further informed and believe and therefore allege that Defendant Board of Trustees of the California State University has constructed, altered, or repaired relevant portions of the subject public property, structure and facilities since November 13, 1968, within the meaning of Government Code sections 4450, *et seq.*, including section 4456, thereby requiring provision of access to persons with disabilities, as required by law.  The actions and omissions of Defendant Board of Trustees of the California State University as herein alleged constitutes a denial of access to and use of the described public facilities by physically disabled persons within the meaning of Government Code sections 4450, *et seq.*  As a proximate result of Defendant Board of Trustees of the California State University's action and omissions, said Defendant has discriminated against Plaintiff in violation of Government Code sections 4450, *et seq.*, and of the Title 24-2 regulations adopted to implement sections 4450ff since 1982.  Each violation of sections 4450, *et seq.* constitutes a violation of Civil Code sections 54 and 54.1.

70.     Any violation of the Americans with Disabilities Act of 1990 (as pled in the First and Second Cause of Action) also constitutes a violation of sections 54 (c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief

pursuant to California law.  Plaintiff alleges that they have been denied such full and equal access as required by California law which incorporates Title II of the ADA, including but not limited to 42 USC sections 12132, 12133 and 12134, including regulations.

71.     Plaintiff has no adequate remedy at law and, unless the relief requested herein is granted, Plaintiff and other disabled persons will continue to suffer irreparable harm as a result of Defendant Board of Trustees of the California State University's failure to fulfill their obligations to provide meaningful access to the subject public facilities.

72.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant Board of Trustees of the California State University to grant full and equal access to Plaintiff in the respects complained of and to require Defendant Board of Trustees of the California State University to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided for a violation of California Government Code sections 4450, *et seq.*, for causing a denial of rights by disabled persons, by California Civil Code sections 54, *et seq.*   Plaintiff alleges that Defendant Board of Trustees of the California State University failed to provide legally required access at the Humboldt State University and related facilities as a violation on each specified day she attempted to access the services and facilities provided by Defendant Board of Trustees of the California State University, or was deterred from attempting such access and further requests that the Court award attorney fees, litigation expenses and costs pursuant to Government Code sections 4450, *et seq.*, Civil Code §§ 54.3 and 55, California Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

73.     **DAMAGES:**  Plaintiff is not currently requesting any damages based on California access laws from the public entity Defendant, the Board of Trustees of the California State University, including the Disabled Persons Act.  However, once the Board of Trustees of the California State University has had a chance to review and respond to Plaintiff's previously submitted government claim, she plans to amend her Complaint to add damages claims.

74.     **FEES AND COSTS:**  As a result of Defendant Board of Trustees of the California State University's acts, omissions and conduct, Plaintiff has been required to incur

24

attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's

rights and to enforce provisions of the law protecting access for disabled persons and prohibiting

discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable

attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code

sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to require that Defendant Board

of Trustees of the California State University make its facilities and policies accessible to all

disabled members of the public, justifying "public interest" attorney fees, litigation expenses and

costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

applicable law.

WHEREFORE, Plaintiff prays the Court grant relief as requested below.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL**
**CODE §§ 51 and 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED BY CIVIL CODE § 51(f)**
*(Against All Defendants)*

75.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in Paragraphs 1 through 74 of this Complaint and incorporates them

herein as if separately re-pleaded.

76.     At all times relevant to this complaint, California Civil Code section 51 has

provided that physically disabled persons are free and equal citizens of the state, regardless of

medical condition or disability, and the subject university and dining facilities owned and

operated by Defendants is an entity covered by section 51.

> All persons within the jurisdiction of this state are free and equal, and no matter
> what their sex, race, color, religion, ancestry, national origin, disability, or medical
> condition are entitled to the full and equal accommodations, advantages, facilities,
> privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. C. § 51(b).

77.     Civil Code section 52 provides that the discrimination by Defendants against

Plaintiff on the basis of her disability constitute a violation of the general anti-discrimination

provision of sections 51 and 52.  For purposes of this statute, each Defendant owned and/or

operated the property where the subject university and dining facility was and is operated as a business establishment, including on August 16, 2021, and thereafter.

78.     Each Defendant's discrimination constitutes a separate and distinct violation of Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

79.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' actions and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52 and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.  Plaintiff is not currently requesting any damages based on California access laws from the public entity Defendant, the Board of Trustees of the California State University, including the Unruh Civil Rights Act.  However, once the Board of Trustees of the California State University has had a chance to review and respond to Plaintiff's previously submitted government claim, she plans to amend her Complaint to add damages claims.

80.     Any violation of the Americans with Disabilities Act of 1990 (as pled in the First and Second Causes of Action) constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per § 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

81.     Plaintiff has no adequate remedy at law and, unless the relief requested herein is granted, Plaintiff and other disabled persons will continue to suffer irreparable harm as a result of Defendants' failure to fulfill their obligations to provide meaningful access to the subject public

1   facilities.

2          82.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

3   continuing refusal by Defendants to grant full and equal access to Plaintiff in the respects

4   complained of and to require Defendants to comply forthwith with the applicable statutory

5   requirements relating to access for disabled persons.  Such injunctive relief is provided for a

6   violation of California Government Code sections 4450, *et seq.*, California Health & Safety Code

7   section 19955 *et seq*., and by California Civil Code sections 51, *et seq.,* and section 52.  Plaintiff

8   alleges that Defendants failed and continue to fail to provide legally required access at the subject

9   university (and its related facilities), and further request that the Court award damages pursuant to

10  Civil Code section 52 and attorney fees, litigation expenses and costs pursuant to Civil Code

11  section 52(a), Code of Civil Procedure section 1021.5, and other law, all as hereinafter prayed for.

12         83.     **DAMAGES:**  As a result of the denial of equal access to these facilities and due to

13  the acts and omissions of Defendant  Compass Group USA, Inc. dba Chartwells Higher

14  Education in owning, operating, leasing, constructing, altering and maintaining the subject

15  facilities, Plaintiff suffered multiple violations of her civil rights, including but not limited to

16  rights under Civil Code sections 51 and 52, all to their damages per Civil Code section 52.

17  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis

18  that she was and is physically disabled and unable, because of the architectural and policy barriers

19  created and/or maintained by Defendant Compass Group USA, Inc. dba Chartwells Higher

20  Education in violation of the subject laws, to use these public facilities on a full and equal basis as

21  other persons.  Plaintiff is not currently requesting any damages based on California access laws

22  from the public entity Defendant, the Board of Trustees of the California State University,

23  including the Disabled Persons Act.  However, once the Board of Trustees of the California State

24  University has had a chance to review and respond to Plaintiff's previously submitted government

25  claim, she plans to amend her Complaint to add damages claims.

26         84.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct,

27  Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

28  statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

provisions of California Civil Code sections 52, *et seq*.  Additionally, Plaintiff's lawsuit is

intended to require that Defendants make their facilities and policies accessible to all disabled

members of the public, justifying "public interest" attorney fees, litigation expenses and costs

pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

applicable law.

WHEREFORE, Plaintiff requests relief as outlined below.

**FIFTH CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
**PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*., Civil Code §§ 54 *et seq*.)**
***(Against Defendant Compass Group USA, Inc. dba Chartwells Higher Education*)**

85.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the factual allegations contained in Paragraphs 1 through 84, above, and incorporates them herein

by reference as if separately repled hereafter.

86.     Plaintiff and other similarly situated physically disabled persons, including those

who require the use of a wheelchair or other assistive device, are unable to use public facilities on

a "full and equal" basis unless each such facility is in compliance with the provisions of

California Health & Safety Code sections 19955 -19959.  Plaintiff is a member of that portion of

the public whose rights are protected by the provisions of Health & Safety Code §§ 19955-19959,

which require the facilities to be made accessible upon construction or alteration.  Further,

Plaintiff is also protected against policy and architectural barrier discrimination by California

Civil Code sections 54 and 54.1, the "Disabled Persons Act."  "Individuals with disabilities or

medical conditions have the same right as the general public to the full and free use of the streets,

highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics,

and physicians' offices, public facilities, and other public places."  Civil Code § 54(a).

Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other

members of the general public, to accommodations, advantages, facilities, . . . places of public

accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

87.    On information and belief, the provisions of both Health and Safety Code sections 19955 and 19955.5, apply to the subject university and dining facilities.  Health & Safety Code sections 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code," and California Government Code section 4450*ff* applied to all government facilities constructed or altered since 1968.

88.    Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out.  On information and belief, Defendant Compass Group USA, and/or its predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of the dining hall, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq.*  Further, on information and belief, additions and alterations to the building after the initial construction also occurred after July 1, 1970, triggering access requirements per Health and Safety Code section 19959, and as to alterations or additions after January 26, 1993, triggering ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.  Defendant Compass Group USA is liable as a successor in interest for operating a dining hall facility that were operating in violation of Federal and California.

29

89.     Each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

90.     Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

91.     **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant Compass Group USA, complained of herein which are continuing on a day-to-day basis, and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including but not limited to wheelchair users, from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat disabled Plaintiff as inferior and second-class citizens and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the use of a wheelchair for movement in public places.

92.     Plaintiff would like to continue to attend Humboldt State University until she graduates from her undergraduate program and may also want to return to the University for her graduate studies.  Plaintiff is continuing to be damaged by the lack of access at the dining hall and is deterred from attempting to access the dining hall as often as she would like because the lack of access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff are unable, so long as such acts and omissions of Defendant Compass Group USA, continue, to achieve equal access to and use of these public facilities.  Plaintiff has a meal plan and will return to eating at the dining hall for nearly every meal once proper entrances, paths of travel, and seating is provided.  However, Plaintiff cannot use the dining hall and its facilities as often as she wants to and is deterred from fulltime patronage until these facilities are made properly accessible for disabled persons, including Plaintiff.

93.     The acts of Defendant Compass Group USA have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises she personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that they or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).  As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

94.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant Compass Group USA, to grant full and equal access to Plaintiff in the ways complained of and to require Defendant Compass Group USA, to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55 and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

95.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant Compass Group USA, in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, including embarrassment, exhaustion and frustration, all to her damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated.  Another Compass Group USA's actions and omissions to act

constitute discrimination against Plaintiff on the basis that she was and is physically disabled and the fact that she is unable, because of the architectural and policy barriers created and/or maintained by the Defendant Compass Group USA, in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from returning to attempt to patronize the dining hall as often as she would like and will continue to cause her damages each day this barrier discrimination continues.

96.    **TREBLE DAMAGES:**  Plaintiff has been damaged by Defendant Compass Group USA's wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all times herein mentioned, Defendant Compass Group USA, was fully aware that significant numbers of potential users of its public facilities were and are and will be physically disabled persons, including wheelchair users and other mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities.  Despite this knowledge, Defendant Compass Group USA, installed and maintained the physical and policy barriers complained of, and failed to remove these barriers, and have failed to provide properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.  On information and belief, Defendant Compass Group USA, has ignored complaints about the lack of proper disabled access by Plaintiff and by other disabled persons.  Defendant Compass Group USA has continued its illegal and discriminatory practices and policies despite actual knowledge that persons with physical mobility disabilities may attempt to patronize the subject university and dining facilities and will encounter illegal barriers which deny them full and equal access when they do so.

97.    At all times herein mentioned, Defendant Compass Group USA knew, or in the exercise of reasonable diligence should have known, that its barriers and practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other physically disabled persons, but Defendant Compass Group USA, has failed to rectify the violations, and on information and belief,  presently continues a course of conduct of maintaining architectural barriers and policies that discriminate against Plaintiff and similarly situated disabled persons, despite complaints from Plaintiff and other

disabled persons that put Defendant Compass Group USA, on actual notice of the discriminatory effect its policies and inaccessible facilities were having on Plaintiff and other disabled persons, and were deterring them from trying to return.  For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

98.     **FEES AND COSTS:**  As a result of Defendant Compass Group USA's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons at the subject venues.  Plaintiff therefore seek recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendant Compass Group USA, make the facilities they use for dining hall facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff requests relief as outlined below.

**SIXTH CAUSE OF ACTION:**
**VIOLATION OF THE FEDERAL FAIR HOUSING ACT**
**(42 U.S.C. § 3601 *et seq.*)**
***(Against Defendant Board of Trustees of the California State University)***

99.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 98, above, and incorporates them herein by reference as if separately repled hereafter.

100.     Del Norte residence hall, where Plaintiff resides, is a "dwelling" available "to rent" within the meaning of the Fair Housing Act (FHA).  42 U.S.C.A. § 3602.  It is a "covered multi family dwelling" under section 3604 (f)(7)(A).

101.     Based upon the foregoing, Defendant Board of Trustees of the California State University has violated the protections afforded to Plaintiff under the FHA, including but not limited to, the following:

1          a.     Failing and refusing to provide an accessible parking place near the

2                entrance to the residence hall for Plaintiff to use;

3          b.     Failing and refusing to make reasonable accommodations in policies,

4                programs, and procedures when such is necessary to afford Plaintiff an

5                equal opportunity to use and enjoy the dwelling, including but not limited

6                to providing an emergency evacuation plan for Plaintiff in case of an

7                elevator shutdown during said emergency; and

8          c.     Failing and refusing to make the common use areas at the building readily

9                accessible and useable by persons with disabilities.

10     102.    Defendant Board of Trustees of the California State University has actual and constructive knowledge that accommodations are necessary when the there is an emergency, and the elevator shuts down.  Defendant also had actual knowledge that Plaintiffs is a person with a mobility disability who requires accommodation of having an evacuation plan when the elevator is not working.

103.    When Plaintiff requested the reasonable accommodation of her disabilities by requesting that Defendant provide her with an emergency evacuation plan to get her out of her third-floor dormitory room in case of an emergency which causes the elevators to shut down. Defendant has refused to respond to her request for such a plan.

104.    Defendant maintains a pattern and practice of denying Plaintiff full and equal access to her dwelling by failure to maintain accessible paths or travel, and failure to respond to requests for accommodations.  42 U.S.C.A. § 3604(f)(3)(B).

105.    Based upon the foregoing, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SEVENTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
***(Cal. Government Code § 12955 et. seq.)***
***(Against Defendant Board of Trustees of the California State University)***

106.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the

34

factual allegations contained in Paragraphs 1 through 105 of this Complaint and incorporates them herein as if separately re-pleaded.

107.    The Fair Employment and Housing Act (FEHA) prohibits discrimination on the basis of disability in housing.  Gov. C. § 12955 *et seq*.

108.    Del Norte residence hall, where Plaintiff resides, is a "housing accommodation" within the meaning of FEHA. Cal. Gov't Code § 12927.

109.    Based upon the foregoing, Defendants have violated the protections of FEHA as follows:

    a.    Failure to design, construct and/or maintain an entrance or an accessible route that is readily accessible to and usable by persons with disabilities;

    b.    Failure to design, construct and/or maintain the common areas in a condition that is readily accessible to and usable by persons with disabilities;

    c.    Failure to modify policies and practices to provide reasonable accommodations to Plaintiffs, including changes in policies, programs and procedures that allow persons with disabilities to enjoy their rental dwelling to the same extent as those without disabilities.

110.    Based upon the foregoing, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.  Plaintiff is not currently requesting any damages based on California access laws from the public entity Defendant, the Board of Trustees of the California State University, including the California Fair Employment and Housing Act.  However, once the Board of Trustees of the California State University has had a chance to review and respond to Plaintiff's previously submitted government claim, she plans to amend her Complaint to add damages claims.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

## PRAYER FOR RELIEF

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

35

unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief she requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Christine DiBella prays for judgment and the following specific relief against Defendants:

1.     Issue a preliminary and permanent injunction directing that Defendant Board of Trustees of the California State University, as current owners and operator, lessor and/or lessee of the subject premises, and alternatively, as governmental agencies subject to Title II of the ADA, to modify the above described facilities at the property and other non-conforming facilities and related described facilities, and make appropriate policy changes, so that Plaintiff and similarly situated persons with disabilities may obtain the benefits of, and access to, Defendants' "programs, services and activities" in a "full and equal" manner as required by law; to properly *maintain* such accessible facilities once they are provided; and to train their employees and agents in proper sensitivity to and appropriate responses to the needs and rights of Plaintiff and other physically disabled persons and take all reasonable steps to accommodate their needs, including but not limited to warning all disabled members of the public of the lack of access they may face if they attempt to visit or obtain public services at any portion of these premises, before such barriers are removed;

2.     Issue a preliminary and permanent injunction directing Defendant Compass Group USA as a current owner, operator, lessor, and/or lessee of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and the regulations incorporated therein, and pursuant to state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any

discriminatory policies; and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

3.     Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

4.     Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

5.     Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

6.     Award prejudgment interest pursuant to Civil Code § 3291; and

7.     Grant such other and further relief as this Court may deem just and proper.

Date: October 29, 2021                             REIN & CLEFTON
                                                   ALL ACCESS LAW GROUP


                                                   ____/s/ Aaron M. Clefton____
                                                   By AARON M. CLEFTON, Esq.
                                                   Attorney for Plaintiff
                                                   CHRISTINE DiBELLA

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: October 29, 2021                             REIN & CLEFTON
                                                   ALL ACCESS LAW GROUP


                                                   ____/s/ Aaron M. Clefton____
                                                   By AARON M. CLEFTON, Esq.
                                                   Attorney for Plaintiff
                                                   CHRISTINE DiBELLA

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES