1  PAUL L. REIN, Esq. (SBN 43053)                IRAKLI KARBELASHVILI, Esq. (SBN
   AARON M. CLEFTON, Esq. (SBN 318680)           302971)
2  REIN & CLEFTON, Attorneys at Law              ALL ACCESS LAW GROUP
   200 Lakeside Drive, Suite A                   1400 Coleman Ave Ste F28
3  Oakland, CA  94612                            Santa Clara, CA 95050
   Telephone: (510) 832-5001                     Telephone: (408) 295-0137
4  Facsimile:  (510) 832-4787                    Fax: (408) 295-0142
   info@reincleftonlaw.com                       irakli@allaccesslawgroup.com
5

6  CATHERINE CABALO, Esq. (SBN 248198)
   PEIFFER WOLF CAR KANE & CONWAY LLP
7  4 Embarcadero Center, Suite 1400
   San Francisco, CA 94111
8  Telephone: (415) 766-3592
   Facsimile: (415) 402-0058
9  ccabalo@peifferwolf.com

10 Attorneys for Plaintiff
   CHRISTINE DiBELLA
11

12 *Defense counsel listed after caption

UNITED STATES DISTRICT COURT
13                NORTHERN DISTRICT OF CALIFORNIA

14

15 CHRISTINE DiBELLA,                    CASE NO. 5:21-cv-08461-HSG
                                         Civil Rights
16         Plaintiff,
                                         **STIPULATION OF SETTLEMENT AND
17    v.                                 [PROPOSED] ORDER FOR DISMISSAL
                                         WITH PREJUDICE OF DEFENDANT
18 BOARD OF TRUSTEES OF THE              COMPASS GROUP USA, INC. dba
   CALIFORNIA STATE UNIVERSITY;          CHARTWELLS HIGHER EDUCATION
19 COMPASS GROUP USA, INC. dba           ONLY**
   CHARTWELLS HIGHER EDUCATION,
20
           Defendants.
21

22 ALISON K. BEANUM, State Bar No. 221968
   alison.beanum@clydeco.us
23 DOUGLAS J. COLLODEL, State Bar No. 112797
   douglas.collodel@clydeco.us
24 CLYDE & CO US LLP
   355 South Grand Avenue, Suite 1400
25 Los Angeles, California 90071
   Telephone: (213) 358 7600
26 Facsimile: (213) 358 7650

27 Attorneys for Defendant
   BOARD OF TRUSTEES OF THE
28 CALIFORNIA STATE UNIVERSITY

1

1    Nathan V. Okelberry (SBN 266596)
     nokelberry@fisherphillips.com
2    Justin Hall (SBN 329464)
     jhall@fisherphillips.com
3    FISHER & PHILLIPS LLP
     444 South Flower Street, Suite 1500
4    Los Angeles, California 90071
     Telephone: (213) 330-4500
5    Facsimile: (213) 330-4501

6    Attorneys for Defendant
     COMPASS GROUP USA, INC., dba
7    CHARTWELLS HIGHER EDUCATION

8

9                                  **STIPULATION**

10        Plaintiff CHRISTINE DiBELLA ("Plaintiff") and Defendants BOARD OF TRUSTEES

11   OF THE CALIFORNIA STATE UNIVERSITY ("Government Entity Defendant"); COMPASS

12   GROUP USA, INC. dba CHARTWELLS HIGHER EDUCATION ("Chartwells") – Plaintiff and

13   Defendants together the "Parties" – hereby stipulate and request that Defendant COMPASS

14   GROUP USA, INC. dba CHARTWELLS HIGHER EDUCATION only be dismissed from this

15   action with prejudice pursuant to FRCP 41(a). Plaintiff and Chartwells have resolved all of

16   Plaintiff's claims against Chartwells. Accordingly, the Parties hereby stipulate and request the

17   Court to order that all of Plaintiff's claims in this action against Defendant COMPASS GROUP

18   USA, INC. dba CHARTWELLS HIGHER EDUCATION be dismissed with prejudice, each party

19   to bear its own fees and costs. The Parties request that the Court not dismiss the claims against

20   Defendant BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY which

21   remain active, and which have not been resolved.

22        The Parties request that the Court retain jurisdiction to enforce the injunctive relief

23   measures specified in Exhibit A, attached hereto, pursuant to General Order 56

24        In the event Defendant does not complete the injunctive relief as specified in Exhibit A,

25   Defendant shall have 30 days to correct the deficiencies. After that time, Plaintiff shall be

26   entitled to make a motion to enforce the work contemplated to be done in Exhibit A and shall be

27   entitled to attorney fees and costs for any enforcement action or motion.

28

                                            2

**IT IS SO STIPULATED.**

Date: May 13, 2022                    REIN & CLEFTON

                                      ___/s/ Aaron Clefton___
                                      By AARON CLEFTON, Esq.
                                      Attorneys for Plaintiff
                                      CHRISTINE DiBELLA

Date: May 13, 2022                    CLYDE & CO US LLP

                                      ___/s/ Alison K. Beanum__
                                      By ALISON K. BEANUM, Esq.
                                      Attorney for Defendant
                                      BOARD OF TRUSTEES OF THE
                                      CALIFORNIA STATE UNIVERSITY

Date: May 13, 2022                    FISHER & PHILLIPS LLP

                                      ___/s/ Nathan V. Okelberry___
                                      By NATHAN V. OKELBERRY, Esq.
                                      Attorney for Defendants
                                      COMPASS GROUP USA, INC, dba
                                      CHARTWELLS HIGHER EDUCATION

## <u>FILER'S ATTESTATION</u>

Pursuant to Local Rule 5-1, I hereby attest that I, Aaron Clefton, attorney with Rein & Clefton, received the concurrence of Nathan V. Okelberry, Esq. and Alison Beanum, Esq. in the filing of this document.

                                      /s/ Aaron Clefton
                                      Aaron Clefton

STIPULATION & [PROPOSED] ORDER FOR DISMISSAL
CASE NO. 5:21-cv-08461-HSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties and for good cause shown, IT IS SO ORDERED.

Dated: _____, 2022

_____
Honorable Haywood S. Gilliam, Jr.
U.S. District Court Judge

4

**EXHIBIT A**

The agreed to corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design.  Any policies adopted shall be carried out in compliance with the standards and specifications for disabled access under federal and state accessibility laws and regulations.

**Policy Based Remedial Measures and Administrative Procedures:**

- Chartwells shall adhere the Service Animal Policy attached hereto as **Exhibit 1.**
- To the extent Chartwells continue to operate the dining hall at California State Polytechnic University, Humboldt ("Dining Hall"), Chartwells shall ensure the following:
    - That the automatic door at the Dining Hall is not propped open, unless needed for maintenance.
    - That it implements a policy to ensure that there are end of day / beginning of day "reset" marking on the floor for tables and chairs which will allow for an accessible path of travel to the accessible tables and all other elements within the dining hall at the Dining Hall, and Defendant shall include in that policy a responsibility for employees to ensure any tables and chairs that have been moved are placed back at those taped markings at end of day/beginning of day.
    - That measures are implemented to keep the electronic menu up to date and current for the Dining Hall.
    - That all Chartwells staff at the Dining Hall needed to implement the above steps are trained, including on reasonable accommodations for persons with disabilities, within the next 45 days.

STIPULATION & [PROPOSED] ORDER FOR DISMISSAL
CASE NO. 5:21-cv-08461-HSG

**EXHIBIT 1**

## POLICY REGARDING SERVICE ANIMALS
## FOR PEOPLE WITH DISABILITIES

Chartwells is committed to making reasonable modifications in policies, practices, and procedures to permit the use of Service Animals by persons with disabilities.

**Permitted Animals:** For guests at the restaurant, only Service Animals are permitted in areas where dogs are not otherwise allowed. This means that a guest may be accompanied by a Service Animal wherever a guest would otherwise be permitted to be. A Service Animal is any dog that has been individually trained to do work or perform tasks for the benefit of an individual with a disability. There is no restriction on the type of breed a dog must be to qualify as a Service Animal. Examples of such work or tasks include, but are not limited to, guiding people who are blind, alerting people who are deaf, pulling a wheelchair, alerting and protecting a person who is having a seizure, reminding a person with mental illness to take prescribed medications, calming a person with Post Traumatic Stress Disorder (PTSD) during an anxiety attack, or performing other duties. **Service animals in training are included in the definition of service animals for the purpose of this policy.**

**Animals NOT Permitted: The following are not Service Animals: (1) non-dog animals, except in some cases a miniature horse may qualify as a service animal; (2) animals that solely serve to deter crime; and (3) emotional support, comfort, and companion dogs.**

## What to Do If You Are Not Sure a Dog Is a Service Animal

**Permitted Inquiries:** Service Animals do not always have a harness, a sign, or a symbol indicating that they are Service Animals, and are not required to have any type of identification indicating they are Service Animals. Most of the time, people with disabilities who use Service Animals may be easily identified without any need for questioning. If we can tell by looking, it is our policy not to make an individual feel unwelcome by asking questions. In situations where it is not apparent that an animal is a Service Animal, then employees can ask two questions ONLY:

1. Is the animal required because of a disability?; and

2. What work/task is the animal trained to perform?

If the answer to the first question is yes and the answer to the second question is some work or task related to disability, then the animal is a Service Animal and no further inquiry is needed. Employees are reminded that it is our policy to foster an environment that is welcoming and accessible to all. **If there are any concerns about whether an animal is a Service Animal or otherwise allowed to be on premises, employees should direct those concerns to the Manager on Duty rather than the animal's handler.**

Since a Service Animal is not a pet, customers with disabilities may not be asked to pay any extra deposits, fees, or other charges because they are accompanied by Service Animals.

**Prohibited Inquiries**: All employees are prohibited from making the following inquiries concerning Service Animals:

1. The handler cannot be asked to describe the extent and nature of his or her disability, or be required to provide medical documentation of a disability.

6

2.  The handler cannot be required to produce a special identification card, license, or training documentation for the service animal, or be asked for the Service Animal to demonstrate its ability to perform the designated work or task.

## **Removal of a Service Animal or Support Animal**

Staff may request the removal of a Service Animal from the restaurant for the following reasons:

1.  If the animal is out of control and the handler does not take effective action to control the animal.  A Service Animal is not required to be connected to the handler through a leash or harness, but must be under the handler's control at all times, e.g., through use of a harness, leash, tether, or voice control, depending upon the task/work performed. Under control also means that a service animal should not be allowed to bark repeatedly inside the restaurant.  However, if a dog barks just once, or barks because someone has provoked it, this would not mean that the dog is out of control.

2.  If the animal is not house-trained, has poor hygiene, or is ill.

3.  If the handler provides information that indicates that animal is not actually a Service Animal, unless animals are otherwise allowed in the area.

4.  Upon conclusion from management after an individualized assessment that the animal presents a Direct Threat.

When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence. Only the Manager on Duty can decide to exclude a service animal and any questions regarding whether an animal is a Service Animal should be directed to the Manager on Duty.

## **Is a service animal allowed to be seated on chairs or to be fed at the table?**

No.  Seating, food, and drink are provided for customer use only.  The ADA gives a person with a disability the right to be accompanied by his or her service animal, but restaurants are not required to allow an animal to sit or be fed at the table.

**FOR MANAGEMENT USE**

# How to Determine When a Service Animal Should be Excluded

Any decision to exclude service animals from the dining hall at Humboldt State University shall be made only after an ***individualized assessment*** that the animal poses a direct threat to the health or safety of others which cannot be mitigated by modifications of policies or procedures or the provision of auxiliary aids or services. A Direct Threat means a significant risk of substantial harm to the health or safety of others that cannot be eliminated or mitigated by a reasonable modification of practices or procedures or the provision of auxiliary aids or services. In coming to this conclusion, the manager or senior employee should consider and factor the following:

1. The individualized assessment of direct threat must be based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence to ascertain:

   a. The nature, duration, and severity of the risk;

   b. The probability that the potential injury will actually occur; and

   c. Whether reasonable modifications of policies, practices or procedures or provisions of auxiliary aids or services will mitigate the risk and therefore allow for the animal to stay on premises.

8