ALISON K. BEANUM, State Bar No. 221968
alison.beaum@clydeco.us
DOUGLAS J. COLLODEL, State Bar No. 112797
douglas.collodel@clydeco.us
CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile:  (213) 358-7650

Attorneys for Defendants
BOARD OF TRUSTEES OF THE CALIFORNIA
STATE UNIVERSITY and individual defendants
(see complete list of individual defendants on signature page)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DiBELLA,<br><br>             Plaintiff,<br><br>      v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY; STEVE RELYEA, Acting Chancellor of California State University, in his official capacity; JOLENE KOESTER, incoming Interim Chancellor of California State University, in her official capacity; and JEFFREY D. ARMSTRONG, President of California Polytechnic State University, San Luis Obispo, in his official capacity; ERIKA D. BECK, President of California State University, Northridge, in her official capacity; SORAYA M. COLEY, President of California Polytechnic State University, Pomona, in her official capacity; JANE CLOSE CONOLEY, President of California State University, Long Beach, in her official capacity; WILLIAM A. COVINO, President of California State University, Los Angeles, in his official capacity; THOMAS A. CROPPER, President of California State University Maritime Academy, in his official capacity; ADELA DE LA TORRE, President of San Diego State University, in her | Case No. 3:21-cv-08461-TLT<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES**<br><br>Trial Date: March 24, 2025 |

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  official capacity; GAYLE E.
   HUTCHINSON, President of California
2  State University, Chico, in her official
   capacity; TOM JACKSON, JR.,
3  President of California Polytechnic
   State University, Humboldt, in his
4  official capacity; SAUL JIMENEZ
   SANDOVAL, President of California
5  State University, Fresno, in his official
   capacity; ELLEN N. JUNN, President
6  of California State University,
   Stanislaus, in her official capacity;
7  LYNN MAHONEY, President of San
   Francisco State University, in her
8  official capacity; TOMAS D.
   MORALES, President of California
9  State University, San Bernardino, in his
   official capacity; ROBERT S.
10 NELSEN, President of California State
   University, Sacramento, in his official
11 capacity; ELLEN J. NEUFELDT,
   President of California State University,
12 San Marcos, in her official capacity;
   EDUARDO M. OCHOA, President of
13 California State University, Monterey
   Bay, in his official capacity; THOMAS
14 A. PARHAM, President of California
   State University, Dominguez Hills, in
15 his official capacity; STEPHEN
   PEREZ, President of San Jose State
16 University, in his official capacity;
   JUDY K. SAKAKI, President of
17 Sonoma State University, in her official
   capacity; CATHY A. SANDEEN,
18 President of California State University,
   East Bay, in her official capacity;
19 FRAMROZE VIRJEE, President of
   California State University, Fullerton,
20 in his official capacity; RICHARD
   YAO, President of California State
21 University, Channel Islands, in his
   official capacity; LYNNETTE
22 ZELEZNY, President of California
   State University, Bakersfield, in her
23 official capacity; COMPASS GROUP
   USA, INC. dba CHARTWELLS
24 HIGHER EDUCATION,

25              Defendants.

26

27

28

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

Defendant, The Board of Trustees of the California State University and the individual defendants (collectively "Defendants") hereby answer the Third Amended Complaint ("TAC") of Plaintiff Christine DiBella ("Plaintiff"), for themselves alone and no other defendant, as follows:

## INTRODUCTION

1. In response to paragraph 1 of the TAC, Defendants admit that Plaintiff has brought this action alleging discrimination based on disability. The remainder of Plaintiff's allegations state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

2. In response to paragraph 2 of the TAC, Defendants admit that, upon information and belief, Plaintiff is physically disabled and sometimes requires the use of mobility aids and/or devices. Defendants further admit, upon information and belief, that Plaintiff is a student at California State Polytechnic University, Humboldt ("CPU").

3. In response to paragraph 3 of the TAC, Defendants deny the allegations contained therein.

4. In response to paragraph 4 of the TAC, Defendants admit that, when Plaintiff started at CPU, she resided on campus in student housing. Defendants deny the remaining allegations in the paragraph.

5. In response to paragraph 5 of the TAC, Defendants lack sufficient information to admit or deny the allegations and, on that basis, deny the allegations.

6. In response to paragraph 6 of the TAC, Defendants admit the allegation regarding the statements contained in its 2017 "Fact Book." Defendants lack sufficient information to admit or deny the remaining allegations and, on that basis, deny these allegations.

7. In response to paragraph 7 of the TAC, Defendants admit that some students who have mobility disabilities reside in on-campus housing, and some

students take classes on that are located on floors that can only be accessed via stairs or an elevator. Plaintiff has not defined the word "many" in this allegation and, for that reason, Defendants cannot fully respond to this allegation. Defendant admit that all students, including students with mobility disabilities, require emergency evacuation plans.

8.      In response to paragraph 8 of the TAC, Defendants deny the allegations contained therein.

9.      In response to paragraph 9 of the TAC, Defendants admit that Plaintiff has informed the administration at CPU of her belief that CPU lacks an appropriate emergency evacuation plan. Defendants deny the remaining allegations contained in this paragraph.

10.      In response to paragraph 10 of the TAC, Defendants deny these allegations.

11.      In response to paragraph 11 of the TAC, Defendants admit that Plaintiff has informed the administration at CPU of various architectural barriers on campus. Defendants deny the remaining allegations contained in this paragraph.

12.      In response to paragraph 12 of the TAC, Defendants respond that these allegations state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

13.      In response to paragraph 13 of the TAC, Defendants admit that Plaintiff is seeking declaratory and injunctive relief. Defendants respond that the remainder of Plaintiff's allegations state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

14.      In response to paragraph 14 of the TAC, Defendants respond that these allegations state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

15.     In response to paragraph 15 of the TAC, Defendants admit that Plaintiff is seeking injunctive relief and damages (limited solely to her claims under the ADA). Defendants respond that the remainder of Plaintiff's allegations state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

## JURISDICTION

16.     In response to paragraph 16 of the TAC, Defendants admit that this court has subject matter and supplemental jurisdiction over this action but deny the remaining allegations in this paragraph.

## VENUE

17.     In response to paragraph 17 of the TAC, Defendants admit that venue is proper.

18.     In response to paragraph 18 of the TAC, Defendants deny that venue is proper in the Eureka intradistrict.

## PARTIES

19.     In response to paragraph 19 of the TAC, Defendants lack sufficient information to admit or deny the allegations in the paragraph and, on that basis, deny this allegation.

20.     In response to paragraph 20 of the TAC, Defendants lack sufficient information to admit or deny the allegations in the paragraph and, on that basis, deny this allegation.

21.     In response to paragraph 21 of the TAC, Defendants admit the allegations contained therein.

22.     In response to paragraph 22 of the TAC, Defendants admit that the CSU is administered by the Board of Trustees of the California State University.  Defendants further admit that some CSU policies address disabled access and other policies address emergency plans.  Defendants deny each and every remaining allegation whether express or implied.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

23.     In response to paragraph 23 of the TAC, Defendants admit the allegations contained therein.

24.     In response to paragraph 24 of the TAC, Defendants admit that Defendant Interim Chancellor is the chief executive officer of CSU. Defendants admit that the Interim Chancellor has the authority to take actions necessary for the appropriate functioning of all CSU campuses, including Humboldt. Defendants admit that the Interim Chancellor has the authority to adopt policies applicable to the entire CSU system including policies that address disabled access and policies that address emergency plans. Defendants deny each and every remaining allegation whether express or implied.

25.     In response to paragraph 25 of the TAC, Defendants admit the allegation contained therein.

26.     In response to paragraph 26 of the TAC, Defendants admit the allegation contained therein.

27.     In response to paragraph 27 of the TAC, Defendants admit the allegation contained therein.

28.     In response to paragraph 28 of the TAC, Defendants admit the allegation contained therein.

29.     In response to paragraph 29 of the TAC, Defendants admit the allegation contained therein.

30.     In response to paragraph 30 of the TAC, Defendants admit the allegation contained therein.

31.     In response to paragraph 31 of the TAC, Defendants admit the allegation contained therein.

32.     In response to paragraph 32 of the TAC, Defendants admit the allegation contained therein.

33.     In response to paragraph 33 of the TAC, Defendants admit the allegation contained therein.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

34.     In response to paragraph 34 of the TAC, Defendants admit the allegation contained therein.

35.     In response to paragraph 35 of the TAC, Defendants admit the allegation contained therein.

36.     In response to paragraph 36 of the TAC, Defendants admit the allegation contained therein.

37.     In response to paragraph 37 of the TAC, Defendants admit the allegation contained therein.

38.     In response to paragraph 38 of the TAC, Defendants admit the allegation contained therein.

39.     In response to paragraph 39 of the TAC, Defendants admit the allegation contained therein.

40.     In response to paragraph 40 of the TAC, Defendants admit the allegation contained therein.

41.     In response to paragraph 41 of the TAC, Defendants admit the allegation contained therein.

42.     In response to paragraph 42 of the TAC, Defendants admit the allegation contained therein.

43.     In response to paragraph 43 of the TAC, Defendants admit the allegation contained therein.

44.     In response to paragraph 44 of the TAC, Defendants admit the allegation contained therein.

45.     In response to paragraph 45 of the TAC, Defendants admit the allegation contained therein.

46.     In response to paragraph 46 of the TAC, Defendants admit the allegation contained therein.

47.     In response to paragraph 47 of the TAC, Defendants admit the allegation contained therein.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

48.     In response to paragraph 48 of the TAC, Defendants admit that the Presidents of the California State University campuses are the chief executive officers for their campuses and have authority and responsibility, **with appropriate consultation,** to take whatever actions are necessary, consistent with Trustee and Chancellor's policy, and applicable law, for the appropriate functioning of each of their campuses.  Defendants admit that a campus President has the authority to adopt policies applicable to that President's campus, including policies that address disabled access and policies that address emergency plans.  Defendants deny each and every remaining allegation whether express or implied.

## CLASS ALLEGATIONS AGAINST DEFENDANT TRUSTEES, INTERIM CHANCELLOR, AND THE CSU PRESIDENTS

49.     In response to paragraph 49 of the TAC, Defendants respond that these allegations state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

50.     In response to paragraph 50 of the TAC, Defendants admit that Plaintiff is seeking to represent classes of individuals. Defendants deny the remainder of the allegations.

51.     In response to paragraph 51 of the TAC, Defendants respond that these allegations state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

52.     In response to paragraph 52 of the TAC, Defendants respond that these allegations state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

53.     In response to paragraph 53 of the TAC, Defendants deny the allegations.

54.     In response to paragraph 54 of the TAC, Defendants deny the allegations.

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

55. In response to paragraph 55 of the TAC, Defendants deny the allegations.

56. In response to paragraph 56 of the TAC, Defendants deny the allegations.

57. In response to paragraph 57 of the TAC, Defendants deny the allegations.

58. In response to paragraph 58 of the TAC, Defendants deny the allegations.

## FACTUAL STATEMENT

59. In response to paragraph 59 of the TAC, Defendants deny the allegation that "accessibility is not a priority for Humboldt." Defendants lack sufficient information to admit or deny the remaining allegations in the paragraph and, on that basis, deny these allegations.

### Lack of Emergency Evacuation Plan and Equipment
### from Residence Hall and Other Campus Buildings

60. In response to paragraph 60 of the TAC, Defendants admit that, before the school year, Plaintiff was informed that she had been assigned to the third floor of the Del Norte residence hall for her on-campus housing. Defendants lack sufficient information to admit or deny the remaining allegations in the paragraph and, on that basis, deny these allegations.

61. In response to paragraph 61 of the TAC, Defendants lack sufficient information to admit or deny the allegations regarding the date Plaintiff arrived on campus, the date Plaintiff learned of the evacuation plan at Del Norte, and/or Plaintiff's ability to travel to College Creek Field and, on that basis, deny these allegations. Defendants admit that a fire drill was held on September 14, 2021.

62. In response to paragraph 62 of the TAC, Defendants admit that, during the fire drill, the elevators were on and Plaintiff was able to exit the building independently. Defendants deny that, during a real emergency, power to the elevator

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

would be automatically terminated and/or that everyone would have to use the stairs. Defendants lack sufficient information to admit or deny the remaining allegations and, on that basis, deny these allegations.

63.    In response to paragraph 63 of the TAC, Defendants admit that Plaintiff emailed various staff members at CPU on September 15, 2021 and September 16, 2021 regarding her concerns about the purported lack of an evacuation plan. Defendants lack sufficient information to admit or deny the remaining allegations and, on that basis, deny these allegations.

64.    In response to paragraph 64 of the TAC, Defendants deny that there was no meaningful action taken by Defendants in response to Plaintiff's concerns. Defendants admit that Plaintiff contacted the local Fire Marshal via email on October 25, 2021 to express her concerns, and Defendants further admit that the Fire Marshal issued a Notice of Unsafe Condition and ordered CPU to relocate Plaintiff; but, that Notice of Unsafe Condition was subsequently retracted. Defendants lack sufficient information to admit or deny the remaining allegations and, on that basis, deny those allegations.

65.    In response to paragraph 65 of the TAC, Defendants lack sufficient information to admit or deny the allegations and, on that basis, deny these allegations.

66.    In response to paragraph 66 of the TAC, Defendants lack sufficient information to admit or deny the allegations and, on that basis, deny these allegations.

67.    In response to paragraph 67 of the TAC, Defendants admit that Plaintiff was moved to a first-floor room, but deny that this room was not comparable to the third-floor room. Defendants lack sufficient information to admit or deny the remaining allegations and, on that basis, deny these allegations.

68.    In response to paragraph 68 of the TAC, Defendants admit that the Fire Marshal reversed his position on the safety of the third-floor residence room and, as

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1   a result, Plaintiff was permitted to move back into her third-floor room, upon her

2   request.  Defendants deny that the emergency rescue area on the third floor was

3   inaccessible, and deny that there was no accessible path of travel to the emergency

4   gathering area. Defendants lack sufficient information to admit or deny the

5   remaining allegations and, on that basis, deny these allegations.

6       69.    In response to paragraph 69 of the TAC, Defendants deny that

7   Plaintiff's evacuation needs were ignored. Defendants lack sufficient information to

8   admit or deny the remaining allegations and, on that basis, deny the allegations.

9       70.    In response to paragraph 70 of the TAC, Defendants deny that CPU has

10   not acted to create meaningfully accessible emergency procedures. Defendants lack

11   sufficient information to admit or deny the remaining allegations and, on that basis,

12   deny the allegations.

13   **Plaintiff's Experiences Are Typical of CSU's Emergency Management and**

14   **Planning Failures for Persons with Disabilities**

15       71.    In response to paragraph 71 of the TAC, Defendants deny the

16   allegations contained therein.

17       72.    In response to paragraph 72 of the TAC, Defendants admit that, from

18   2003 through 2020, there have been many students who have self-identified as

19   having a mobility disability. Defendants lacks sufficient information to admit or

20   deny the remaining allegations and, on that basis, deny the allegations.

21       73.    In response to paragraph 73 of the TAC, Defendants respond that these

22   allegations state legal conclusions to which no response is required. To the extent

23   any response may be required, the allegations of this paragraph are denied.

24       74.    In response to paragraph 74 of the TAC, Defendants deny that they

25   have failed to provide meaningful access throughout the CSU system. The

26   remaining allegations state legal conclusions to which no response is required. To

27   the extent any response may be required, the allegations of this paragraph are

28   denied.

**Lack of Preparation for Disabled Persons for Emergencies**

75.     In response to paragraph 75 of the TAC, Defendants deny that they have failed to meaningfully plan for and prepare disabled persons for emergencies. Defendants further dispute the characterization of their policies and/or that their policies are discriminatory in any way.

**Lack of Testing Preparedness for Persons with Disabilities**

76.     In response to paragraph 76 of the TAC, Defendants deny that they have failed to meaningfully test preparedness for emergencies for persons with disabilities on CSU campuses. Defendants further dispute the characterization of their policies and/or that their policies are discriminatory in any way.

77.     In response to paragraph 77 of the TAC, Defendants deny that Plaintiff was excluded from emergency drills. Defendants lack sufficient information to respond to her allegations regarding her attempt to find "buddies" and, on that basis, deny this allegation. Defendants deny Plaintiff's allegation that there are no intercom systems and no evacuation chairs maintained on campus at CPU. Defendants deny Plaintiff's allegation that there are no intercom systems. Defendants lack sufficient information to admit or deny the allegations regarding the new student social hike and, on that basis, deny these allegations.

78.     In response to paragraph 78 of the TAC, Defendants deny the allegations therein.

79.     In response to paragraph 79 of the TAC, Defendants deny the allegations therein.

**Lack of Notification for Emergency Planning for Persons with Disabilities**

80.     In response to paragraph 80 of the TAC, Defendants deny the allegations therein.

81.     In response to paragraph 81 of the TAC, Defendants deny the allegations therein.

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

82.     In response to paragraph 82 of the TAC, Defendants lack sufficient information to admit or deny the allegations regarding the DOJ's recommendations. Defendants deny the allegations characterizing the information contained on CSU websites, new student handbooks, and/or Emergency Operations Plans. Defendants lack sufficient information to admit or deny the remaining allegations and, on that basis, deny these allegations.

## Lack of Safe Evacuation Options and Best Practices for Persons with Disabilities

83.     In response to paragraph 83 of the TAC, Defendants respond that these allegations state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

84.     In response to paragraph 84 of the TAC, Defendants admit that certain of its campuses have evacuation chairs and other campuses do not.

85.     In response to paragraph 85 of the TAC, Defendants deny Plaintiff's allegation that there are no evacuation chairs maintained on campus at CPU. Defendants dispute the characterization of the statements made in the vaguely referenced "emergency planning" documents. Defendants deny the remaining allegations contained therein.

## Summary of Campus Emergency Management Policies: Humboldt

86.     In response to paragraph 86 of the TAC, Defendants deny that CPU places the burden of establishing emergency planning for persons with disabilities on disabled persons. With regard to the remaining allegations in this paragraph, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

87.     In response to paragraph 87 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

88.     In response to paragraph 88 of the TAC, Defendants deny the allegations contained therein.

89.     In response to paragraph 89 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

90.     In response to paragraph 90 of the TAC, Defendants deny Plaintiff's allegation that there are no evacuation chairs maintained on campus at CPU. Defendants deny the remaining allegations contained therein.

91.      In response to paragraph 91 of the TAC, Defendants admit the allegations contained therein.

**Chico**

92.     In response to paragraph 92 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

93.     In response to paragraph 93 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

94.     In response to paragraph 94 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

95.     In response to paragraph 95 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**Sacramento**

96.     In response to paragraph 96 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

///

97.     In response to paragraph 97 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

98.     In response to paragraph 98 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

99.     In response to paragraph 99 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**Sonoma**

100.    In response to paragraph 100 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

101.    In response to paragraph 101 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

102.    In response to paragraph 102 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

103.    In response to paragraph 103 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

104.    In response to paragraph 104 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

///

///

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**Cal Maritime**

105.   In response to paragraph 105 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

106.   In response to paragraph 106 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

107. In response to paragraph 107 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

108.   In response to paragraph 108 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

109.   In response to paragraph 109 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**Cal State East Bay**

110.   In response to paragraph 110 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

111.   In response to paragraph 111 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

112.   In response to paragraph 112 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

///

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

113. In response to paragraph 113 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

114. In response to paragraph 114 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

115. In response to paragraph 115 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**San Francisco**

116. In response to paragraph 116 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

117. In response to paragraph 117 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

118. In response to paragraph 118 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

119. In response to paragraph 119 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

120. In response to paragraph 120 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

121. In response to paragraph 121 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**San Jose**

122.   In response to paragraph 122 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

123.   In response to paragraph 123 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

124.   In response to paragraph 124 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

125.   In response to paragraph 125 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**Stanislaus**

126.   In response to paragraph 126 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

127.   In response to paragraph 127 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

128.   In response to paragraph 128 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

129.   In response to paragraph 129 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

///

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

130.   In response to paragraph 130 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

131.   In response to paragraph 131 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

132.   In response to paragraph 132 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

133.   In response to paragraph 133 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

134.   In response to paragraph 134 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

135.   In response to paragraph 135 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**Monterey Bay**

136.   In response to paragraph 136 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

137.   In response to paragraph 137 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

138.   In response to paragraph 138 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1       139.   In response to paragraph 139 of the TAC, Defendants dispute the

2  characterization of its emergency management policies and, on that basis, deny

3  these allegations.

4  **Bakersfield**

5       140.   In response to paragraph 140 of the TAC, Defendants dispute the

6  characterization of its emergency management policies and, on that basis, deny

7  these allegations.

8       141.   In response to paragraph 141 of the TAC, Defendants dispute the

9  characterization of its emergency management policies and, on that basis, deny

10  these allegations.

11       142.   In response to paragraph 142 of the TAC, Defendants dispute the

12  characterization of its emergency management policies and, on that basis, deny

13  these allegations.

14       143.   In response to paragraph 143 of the TAC, Defendants dispute the

15  characterization of its emergency management policies and, on that basis, deny

16  these allegations.

17  **Cal Poly San Luis Obispo**

18       144.   In response to paragraph 144 of the TAC, Defendants dispute the

19  characterization of its emergency management policies and, on that basis, deny

20  these allegations.

21       145.   In response to paragraph 145 of the TAC, Defendants dispute the

22  characterization of its emergency management policies and, on that basis, deny

23  these allegations.

24       146.   In response to paragraph 146 of the TAC, Defendants dispute the

25  characterization of its emergency management policies and, on that basis, deny

26  these allegations.

27  ///

28  ///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

147. In response to paragraph 147 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

148. In response to paragraph 148 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

149. In response to paragraph 149 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**San Bernardino**

150. In response to paragraph 150 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

151. In response to paragraph 151 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

152. In response to paragraph 152 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

153. In response to paragraph 153 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**Northridge**

154. In response to paragraph 154 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

///

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

1    155.   In response to paragraph 155 of the TAC, Defendants dispute the

2   characterization of its emergency management policies and, on that basis, deny

3   these allegations.

4    156.   In response to paragraph 156 of the TAC, Defendants dispute the

5   characterization of its emergency management policies and, on that basis, deny

6   these allegations.

7    157.   In response to paragraph 157 of the TAC, Defendants dispute the

8   characterization of its emergency management policies and, on that basis, deny

9   these allegations.

10   **Cal Poly Pomona**

11    158.   In response to paragraph 158 of the TAC, Defendants dispute the

12   characterization of its emergency management policies and, on that basis, deny

13   these allegations.

14    159.   In response to paragraph 159 of the TAC, Defendants dispute the

15   characterization of its emergency management policies and, on that basis, deny

16   these allegations.

17    160.   In response to paragraph 160 of the TAC, Defendants dispute the

18   characterization of its emergency management policies and, on that basis, deny

19   these allegations.

20    161.   In response to paragraph 161 of the TAC, Defendants dispute the

21   characterization of its emergency management policies and, on that basis, deny

22   these allegations.

23   **Channel Islands**

24    162.   In response to paragraph 162 of the TAC, Defendants dispute the

25   characterization of its emergency management policies and, on that basis, deny

26   these allegations.

27   ///

28   ///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1   163.   In response to paragraph 163 of the TAC, Defendants dispute the

2   characterization of its emergency management policies and, on that basis, deny

3   these allegations.

4   164.   In response to paragraph 164 of the TAC, Defendants dispute the

5   characterization of its emergency management policies and, on that basis, deny

6   these allegations.

7   165.   In response to paragraph 165 of the TAC, Defendants dispute the

8   characterization of its emergency management policies and, on that basis, deny

9   these allegations.

10   166.   In response to paragraph 166 of the TAC, Defendants dispute the

11   characterization of its emergency management policies and, on that basis, deny

12   these allegations.

13   **<u>Los Angeles</u>**

14   167.   In response to paragraph 167 of the TAC, Defendants dispute the

15   characterization of its emergency management policies and, on that basis, deny

16   these allegations.

17   168.   In response to paragraph 168 of the TAC, Defendants dispute the

18   characterization of its emergency management policies and, on that basis, deny

19   these allegations.

20   169.   In response to paragraph 169 of the TAC, Defendants dispute the

21   characterization of its emergency management policies and, on that basis, deny

22   these allegations.

23   170.   In response to paragraph 170 of the TAC, Defendants dispute the

24   characterization of its emergency management policies and, on that basis, deny

25   these allegations.

26   171.   In response to paragraph 171 of the TAC, Defendants dispute the

27   characterization of its emergency management policies and, on that basis, deny

28   these allegations.

172.   In response to paragraph 172 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**Fullerton**

173.   In response to paragraph 173 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

174.   In response to paragraph 174 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

175.   In response to paragraph 175 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

176.   In response to paragraph 176 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**Dominguez Hills**

177.   In response to paragraph 177 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

178.   In response to paragraph 178 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

179.   In response to paragraph 179 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

///

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    180.   In response to paragraph 180 of the TAC, Defendants dispute the

2  characterization of its emergency management policies and, on that basis, deny

3  these allegations.

4    181.   In response to paragraph 181 of the TAC, Defendants dispute the

5  characterization of its emergency management policies and, on that basis, deny

6  these allegations.

7  **Long Beach**

8    182.   In response to paragraph 182 of the TAC, Defendants dispute the

9  characterization of its emergency management policies and, on that basis, deny

10 these allegations.

11   183.   In response to paragraph 183 of the TAC, Defendants dispute the

12 characterization of its emergency management policies and, on that basis, deny

13 these allegations.

14   184.   In response to paragraph 184 of the TAC, Defendants dispute the

15 characterization of its emergency management policies and, on that basis, deny

16 these allegations.

17   185.   In response to paragraph 185 of the TAC, Defendants dispute the

18 characterization of its emergency management policies and, on that basis, deny

19 these allegations.

20 **San Marcos**

21   186.   In response to paragraph 186 of the TAC, Defendants dispute the

22 characterization of its emergency management policies and, on that basis, deny

23 these allegations.

24   187.   In response to paragraph 187 of the TAC, Defendants dispute the

25 characterization of its emergency management policies and, on that basis, deny

26 these allegations.

27 ///

28 ///

6623704

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

188.   In response to paragraph 188 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

189.   In response to paragraph 189 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

190.   In response to paragraph 190 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**San Diego**

191.   In response to paragraph 191 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

192.   In response to paragraph 192 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

193.   In response to paragraph 193 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

194.   In response to paragraph 194 of the TAC, Defendants dispute the characterization of its emergency management policies and, on that basis, deny these allegations.

**Additional Physical and Policy Barriers at Humboldt**

195.   In response to paragraph 195 of the TAC, Defendants deny the allegations therein.

196.   In response to paragraph 196 of the TAC, Defendants deny the allegations therein.

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

197.   In response to paragraph 197 of the TAC, Defendants deny that the BSS Building is inaccessible. Defendants lack sufficient information to admit or deny the allegations regarding what Plaintiff might do and, on that basis, deny these allegations.

198.   In response to paragraph 198 of the TAC, Defendants deny the allegations therein.

199.   In response to paragraph 199 of the TAC, Defendants deny the allegations therein.

200.   In response to paragraph 200 of the TAC, Defendants deny the allegations therein.

201.   In response to paragraph 201 of the TAC, Defendants deny the allegations therein.

202.   In response to paragraph 202 of the TAC, Defendants deny the allegations therein.

203.   In response to paragraph 203 of the TAC, Defendants deny that many of the activities that Plaintiff has been invited to as a transfer student and a resident of Del Norte residence hall and other gatherings by student clubs have been inaccessible. Defendants admit the remaining allegations in this paragraph.

204.   In response to paragraph 204 of the TAC, Defendants admit the allegations in this paragraph, but dispute the suggestion that they had a legal obligation to make this particular hike wheelchair accessible.

205.   In response to paragraph 205 of the TAC, Defendants admit that an email reminder regarding the hike was sent on August 19, 2021, and that it included the referenced note on the flyer. Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's response to the email and, on that basis, deny the allegations. Defendants deny the remaining allegations in this paragraph.

206.   In response to paragraph 206 of the TAC, Defendants lack sufficient information to admit or deny the allegations and, on that basis, deny the allegations.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

207.   In response to paragraph 207 of the TAC, Defendants deny the allegations contained therein.

208.   In response to paragraph 208 of the TAC, Defendants deny the allegations contained therein.

209.   In response to paragraph 209 of the TAC, Defendants deny the allegations contained therein.

210.   In response to paragraph 210 of the TAC, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's reasons for coming to CPU and/or her feelings and, on that basis, deny these allegations. Defendants deny the remaining allegations in the paragraph.

211.   In response to paragraph 211 of the TAC, Defendants admit that Plaintiff was asked to participate in a meeting "to discuss [her] communications with various members of the faculty and staff." Defendants deny the remaining allegations in this paragraph.

212.   In response to paragraph 212 of the TAC, Defendants lack sufficient information to admit or deny the allegations in his paragraph and, on that basis, deny these allegations.

213.   In response to paragraph 213 of the TAC, Defendants lack sufficient information to admit or deny the allegations in his paragraph and, on that basis, deny these allegations.

214.   In response to paragraph 214 of the TAC, Defendants lack sufficient information to admit or deny the allegations and, on that basis, deny these allegations.

215.   In response to paragraph 215 of the TAC, Defendants lack sufficient information to admit or deny the allegations and, on that basis, deny these allegations.

///

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

216.   In response to paragraph 216 of the TAC, Defendants lack sufficient information to admit or deny the allegations and, on that basis, deny these allegations.

217.   In response to paragraph 217 of the TAC, Defendants lack sufficient information to admit or deny the allegations with regard to Plaintiff's vehicle and, on that basis, deny these allegations. Defendants deny the remaining allegations in this paragraph.

218.   In response to paragraph 218 of the TAC, Defendants lack sufficient information to admit or deny the allegations in this paragraph and, on that basis, deny these allegations.

219.   In response to paragraph 219 of the TAC, Defendants deny that the laundry room door was excessively heavy. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and, on that basis, deny these allegations.

220.   In response to paragraph 220 of the TAC, Defendants admit that Plaintiff emailed Todd Larsen to request that the laundry room door be adjusted. Defendants further admit that Travis Fleming met with Plaintiff to discuss the laundry room, and adjusted the door. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and, on that basis, deny these allegations.

221.   In response to paragraph 221, Defendants lack sufficient information to admit or deny the allegations in this paragraph and, on that basis, deny these allegations.

222.   In response to paragraph 222 of the TAC, Defendants deny that the laundry room door was excessively heavy. Defendants deny the allegation that Plaintiff's concerns were not addressed. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and, on that basis, deny these allegations.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    223.   In response to paragraph 223 of the TAC, Defendants cannot decipher

2   which door is at issue in this allegation and, on that basis, deny the allegation.

3    224.   In response to paragraph 224 of the TAC, Defendants lack sufficient

4   information to admit or deny the allegations in this paragraph and, on that basis,

5   deny these allegations.

6    225.   In response to paragraph 225 of the TAC, Defendants lack sufficient

7   information to admit or deny the allegations in this paragraph and, on that basis,

8   deny these allegations.

9    226.   In response to paragraph 226 of the TAC, Defendants lack sufficient

10   information to admit or deny the allegations in this paragraph and, on that basis,

11   deny these allegations.

12    227.   In response to paragraph 227 of the TAC, Defendants deny that

13   Plaintiff was forced to move off campus because of alleged barriers. Defendants

14   lack sufficient information to admit or deny the remaining allegations in this

15   paragraph and, on that basis, deny these allegations.

16    228.   In response to paragraph 228 of the TAC, Defendants respond that

17   these allegations state legal conclusions to which no response is required. To the

18   extent any response may be required, the allegations of this paragraph are denied.

19                          **FIRST CAUSE OF ACTION**

20                  **VIOLATION OF TITLE II OF THE ADA**

21                       **(42 U.S.C. §§ 12101 *et seq.*)**

22    **(*On behalf of Plaintiff and Proposed Classes against All Defendants*)**

23    229.   Paragraph 229 of the TAC contains an introductory statement for which

24   no response is required.

25    230.   Paragraph 230 of the TAC constitutes statements and conclusions of

26   law to which no response is required.

27    231.   In response to paragraph 231 of the TAC, Defendants deny the

28   allegations contained in this paragraph.

232.   In response to paragraph 232 of the TAC, Defendants deny the allegations contained in this paragraph.

233.   In response to paragraph 233 of the TAC, Defendants deny the allegations contained in this paragraph.

234.   In response to paragraph 234 of the FAC, Defendants deny the allegations contained in this paragraph.

## SECOND CAUSE OF ACTION

## VIOLATION OF TITLE II, PART B OF THE AMERICANS WITH DISABILITIES ACT

### (42 U.S.C. §§ 12101 *et seq.*)

### (*On behalf of Plaintiff and Against Defendants Trustees, Interim Chancellor, and President Tom Jackson, Jr.*)

235.   Paragraph 235 of the TAC contains an introductory statement for which no response is required.

236.   Paragraph 236 of the TAC constitutes statements and conclusions of law to which no response is required.

237.   In response to paragraph 237 of the TAC, Defendant deny the allegations contained in this paragraph.

238.   Paragraph 238 of the TAC constitutes statements and conclusions of law to which no response is required.

239.   Paragraph 239 of the TAC constitutes statements and conclusions of law to which no response is required.

240.   In response to paragraph 240 of the TAC, Defendant deny the allegations contained in this paragraph.

241.   In response to paragraph 241 of the TAC, Defendant deny the allegations contained in this paragraph.

///

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

### THIRD CAUSE OF ACTION

### VIOLATION OF THE FEDERAL FAIR HOUSING ACT

### (42 U.S.C. § 3601 *et seq.*)

### (*On behalf of Plaintiff and Proposed Student Housing Emergency Plan Class Against Defendants Interim Chancellor and CSU Presidents*)

242.    Paragraph 242 of the TAC contains an introductory statement for which no response is required.

243.    Paragraph 243 of the TAC constitutes statements and conclusions of law to which no response is required.

244.    In response to paragraph 244 of the TAC, Defendant deny the allegations contained in this paragraph.

245.    In response to paragraph 245 of the TAC, Defendant deny the allegations contained in this paragraph.

246.    In response to paragraph 246 of the TAC, Defendant deny the allegations contained in this paragraph.

247.    In response to paragraph 247 of the TAC, Defendant deny the allegations contained in this paragraph.

### PRAYER FOR RELIEF

248.    Defendants deny that Plaintiff is entitled to any relief and, specifically, the relief sought by Plaintiff in paragraphs 249 through 259 of the Prayer.

### AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses.  Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

///

///

///

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

### FIRST AFFIRMATIVE DEFENSE

### (Failure to Meet Requirements of Class Action)

1.     The TAC fails to state facts sufficient to certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure in that the putative class is not so numerous that joinder of all members is impracticable, Plaintiff's claims are not typical of the class she purports to represent, common questions of law and/or fact do not predominate, Plaintiff is not an adequate representative of the purported class, and because a class action is not the superior method for adjudicating this dispute and, accordingly, this action is not properly brought as a class action.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

2.     The TAC, and each and every claim therein, fail to state a claim for which relief can be granted and should, therefore, be dismissed.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3.     Plaintiff lacks standing to pursue her alleged claims.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.     Plaintiff's claims are barred to the extent that they are based on alleged denials of benefits more than two years prior to the date the TAC was filed. Code Civ. Proc. § 335.1; *see, e.g., Californians for Disability Rights, Inc. v. California Dept. of Transp.,* 2009 WL 2982840, *1 (N.D. Cal. 2009) (California's two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California).

### FIFTH AFFIRMATIVE DEFENSE

### (Equal Opportunity/Effective Access)

5.     Plaintiff had an equal opportunity to access the programs, benefits, and services identified in the TAC because any alleged noncompliance by Defendants

was *de minimis*; the programs, benefits, and services were equally accessible despite the features' alleged noncompliance; and Plaintiff was otherwise able to access the programs, benefits, and services.

## SIXTH AFFIRMATIVE DEFENSE

### (Privilege)

6.      Defendants' conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to the provision of the benefits and programs identified in the TAC.

## SEVENTH AFFIRMATIVE DEFENSE

### (Undue Burden)

7.      Insofar as Defendants have not made alterations to the programs at issue, which Plaintiff contends should have been made, those alterations were not and are not required under federal or California law, and any requirements to make those alterations would impose an undue burden upon Defendants.

## EIGTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10.     Plaintiff's claims are barred due to her failure, and/or the failure of the persons and/or entities acting on her behalf, to mitigate any purported damages.

///

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Indispensable Party)

11.     Plaintiff's claims are barred, in whole or in part, because of her failure to name an indispensable party or parties.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

12.     Any allegedly wrongful acts or omissions performed by Defendants or its agents, if there were any, do not subject Defendants to liability because the relief demanded in the TAC would, if granted, result in a fundamental alteration of Defendants' services.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

13.     Plaintiff's claims are barred under the doctrine of mootness because the barriers alleged by Plaintiff, if there were any, have been remediated.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Modifications to Policies, Practices and Procedures)

14.     Plaintiff's claims are barred because Defendants made and/or were willing to make reasonable modifications to their policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Accessible When Viewed In Their Entirety)

15.     Plaintiff's claims are barred because Defendants' services, programs and activities are readily accessible to and usable by Plaintiff when viewed in their entirety.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

16.     Plaintiff's claims are barred under the doctrine of laches.

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

17.    The imposition of statutory minimum damages in this matter would violate Defendants' Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

18.    Plaintiff's claims are barred because she failed to exhaust her administrative remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

19.    Some or all of the claims brought by Plaintiff may be barred in whole or in part by her own contributory fault.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Notice)

20.    Defendants allege that Plaintiff failed to give timely notice, if any, of her claim and Defendants have been substantially prejudiced thereby.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Intervening Acts)

21.    Defendants are informed and believe, and thereupon allege, that the injuries and damages of which Plaintiff complains, and for which Plaintiff seeks recovery, if any, were the result of causes independent of any purported acts or omissions on the part of Defendants, which operated as intervening and superseding causes, thereby cutting off any liability on the part of Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

22.    Defendants allege that no act or omission of the Defendants were the cause of Plaintiff's damages, if any. In the alternative, Plaintiff's alleged damages, if

1  any, were proximately caused by the negligence, fault and/or conduct of persons or
2  entities other than Defendants. Plaintiff's damages, if any, must be reduced in
3  proportion to the amount attributable to the conduct of persons or entities other than
4  Defendants up to, and including, 100 percent.

5  ### TWENTY-THIRD AFFIRMATIVE DEFENSE
6  ### (The Premises Are In Compliance With All Applicable Laws)

7  23.  With respect to the alleged inaccessible conditions mentioned in the
8  TAC, Defendants deny that, through their acts or omissions, they have violated any
9  federal or state law.

10  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE
11  ### (Equal Access)

12  24.  Defendants allege that Defendants have modified their policies,
13  practices and procedures as required by the ADA to afford individuals with a
14  disability full and equal access to the goods, services, facilities, privileges,
15  advantages, and accommodations offered by the premises at issue.

16  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE
17  ### (Alternative Methods)

18  25.  Defendants allege that Defendants have alternative methods of
19  complying with the ADA, thereby providing full and equal access for individuals
20  with a disability to the goods, services, facilities, privileges, advantages, and
21  accommodations offered at the premises at issue.

22  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE
23  ### (Readily Achievable)

24  26.  Defendants allege that some or all of the claims in the TAC are barred
25  because the removal of physical barriers, if any exist, is not readily achievable.
26  ///
27  ///
28  ///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

27.    Defendants are informed and believe and thereupon allege that, as to each alleged cause of action, Plaintiff's TAC is barred as the requested relief would constitute an undue hardship on Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Eleventh Amendment)

28.    By Stipulation and Order entered on June 7, 2023, Defendants expressly preserved their defense and immunity from suit guaranteed by the Eleventh Amendment and hereby reiterate their right under the Eleventh Amendment to ensure preservation of the defense and immunity from suit.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

29.    Defendants presently have insufficient knowledge or information by which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses.  Defendants expressly reserve the right to file an amended Answer asserting such additional affirmative defenses in the event the discovery indicates they are appropriate.

## PRAYER

WHEREFORE, Defendants pray for relief as follows:

1.    That the TAC be dismissed with prejudice, and in its entirety;

2.    That Plaintiff take nothing by reason of her TAC and that judgment be entered in favor of Defendants;

3.    That Defendants be awarded their attorneys' fees and costs incurred in defending this action; and

///

///

///

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

4.      That Defendants be granted such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated: June 20, 2023          CLYDE & CO US LLP

By:      /s/ *Alison K. Beanum*
         Alison K. Beanum
         Douglas J. Collodel
         Attorneys for Defendants
         BOARD OF TRUSTEES OF THE
         CALIFORNIA STATE UNIVERSITY,
         which is the State of California acting in its
         higher education capacity; STEVE RELYEA,
         Acting Chancellor of California State
         University, in his official capacity; JOLENE
         KOESTER, incoming Interim Chancellor of
         California State University, in her official
         capacity; and JEFFREY D. ARMSTRONG,
         President of California Polytechnic State
         University, San Luis Obispo, in his official
         capacity; ERIKA D. BECK, President of
         California State University, Northridge, in her
         official capacity; SORAYA M. COLEY,
         President of California Polytechnic State
         University, Pomona, in her official capacity;
         JANE CLOSE CONOLEY, President of
         California State University, Long Beach, in
         her official capacity; WILLIAM A.
         COVINO, President of California State
         University, Los Angeles, in his official
         capacity; THOMAS A. CROPPER, President
         of California State University Maritime
         Academy, in his official capacity; ADELA
         DE LA TORRE, President of San Diego State
         University, in her official capacity; GAYLE
         E. HUTCHINSON, President of California
         State University, Chico, in her official

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    capacity; TOM JACKSON, JR., President of
     California Polytechnic State University,
2    Humboldt, in his official capacity; SAÚL
     JIMÉNEZ SANDOVAL, President of
3    California State University, Fresno, in his
     official capacity; ELLEN N. JUNN, President
4    of California State University, Stanislaus, in
     her official capacity; LYNN MAHONEY,
5    President of San Francisco State University,
     in her official capacity; TOMÁS D.
6    MORALES, President of California State
     University, San Bernardino, in his official
7    capacity; ROBERT S. NELSEN, President of
     California State University, Sacramento, in
8    his official capacity; ELLEN J. NEUFELDT,
     President of California State University, San
9    Marcos, in her official capacity; EDUARDO
     M. OCHOA, President of California State
10   University, Monterey Bay, in his official
     capacity; THOMAS A. PARHAM, President
11   of California State University, Dominguez
     Hills, in his official capacity; STEPHEN
12   PEREZ, President of San Jose State
     University, in his official capacity; JUDY K.
13   SAKAKI, President of Sonoma State
     University, in her official capacity; CATHY
14   A. SANDEEN, President of California State
     University, East Bay, in her official capacity;
15   FRAMROZE VIRJEE, President of
     California State University, Fullerton, in his
16   official capacity; RICHARD YAO, President
     of California State University, Channel
17   Islands, in his official capacity; LYNNETTE
     ZELEZNY, President of California State
18   University, Bakersfield, in her official
     capacity

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**40**

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT